## WELSH and WIFE vs. POUNDERS and WIFE.

[CONTESTED PROBATE OF WILL.]

1. *What law governs revocation of will.*—The question whether a will, executed in 1851, is impliedly revoked by a sale and conveyance of the land devised by it in 1856, must be determined by the provisions of the Code of 1853.

2. *What constitutes implied revocation of will.*-Under the Code, ($ 1602,) a sale and conveyance of land by the testator, after the execution of his will, does not operate as a revocation of a devise of the land, when the purchase-money is unpaid at the time of his death, "unless it clearly appears by the contract, or some other instrument in writing, to be intended as a revocation."

APPEAL from the Probate Court of Franklin.

IN the matter of the last will and testament of Ann Thomas, deceased, which was propounded for probate by James H. Welsh and Sarah Ann Elizabeth, his wife, (formerly Sarah Ann Elizabeth Hamilton,) and was contested by Alfred Pounders and Mildred M., his wife. The will was dated the 10th May, 1851, and contained but two clauses; one devising a tract of land, which was particularly described, to Sarah Ann Elizabeth Hamilton and Mary Susan Hamilton ; and the other bequeathing ten dollars to Mildred M. Pounders. The due execution and attestation of this paper were admitted, and also that the testatrix died in May, 1857 ; but the contestants insisted, that the will was revoked, as to the devise of the land, by

a sale and conveyance thereof by the testatrix, in September, 1856, to one Wheeler; and this was the only objection urged against the probate. It appeared that Wheeler, the purchaser, gave his note, under seal, for the purchase-money, payable on the 1st January, 1857; and that no portion of the note was paid at the death of the testatrix. The probate court decided, that this sale and conveyance of the land operated as a revocation of the will, so far as the devise was concerned, and therefore admitted the paper to probate only as to the legacy of ten dollars; and this decision, to which Welsh and wife excepted, is now assigned as error.

J. B. Moore, for appellants.

William Cooper, contra.

A. J. WALKER, C. J.—The will in this case was executed before the adoption of the Code, but the testatrix died afterwards. A deed, made by the testatrix in 1856, after the Code went into operation, conveyed to a purchaser the land devised by one of the clauses of the will, and the purchase-money is unpaid. The effect of that deed, in reference to the revocation of the devise, must be determined by the Code, which was the law at the time of its execution.

[2.] Section 1602 of the Code so clearly defines the effect of the deed, that argument cannot be necessary on the point. It does not appear by the contract evidenced by the deed, or by any other instrument of writing, that the testatrix intended to revoke the devise of the land conveyed by it. It follows, that the clause of the will devising the land is not revoked, and the devisees take under the devise the rights specified in section 1602, above referred to. Without farther comment, we refer to Powell v. Powell, 30 Ala. 697, the decision in which covers all the questions arising in this case.

The decree of the court below is reversed, and the cause remanded.