# Slaughter *et al. v.* Stephens, Adm'r.

### *Contest of Probate of Will.*

1. *Revocation of will or devise by subsequent sale and conveyance.*—A subsequent sale and conveyance of the lands devised does not operate a revocation of the devise, when any part of the purchase money remains unpaid at the death of the testator (Code, § 2287), unless the intention that it shall so operate clearly appears by some instrument in writing.

2. *Declarations as to revocation.*—The verbal declarations of the testator, showing a present revocation, or an intention to revoke in the future, are not admissible as evidence for any purpose, the statute (Code, § 2296) not authorizing such mode of revocation.

APPEAL from the Circuit Court of Etowah.

Heard before the Hon. JAMES AIKEN.

The appellee, Isaac M. Stephens, filed a petition in the Probate Court of Etowah county, July 25, 1884, for the probate of the will of William Griffith, deceased. The appellants filed the following grounds of contest :

1. "That said paper-writing was never signed and published by decedent as his last will and testament."

2. "That the decedent before his death sold and transferred a part of his property, devised in said will, to one M. Beavers, to-wit : a large tract or parcel of land of the value of $4,000.00, and said transfer of said land was by deed of conveyance in fee simple. That all of the purchase money is not paid, and contestants aver, that said conveyance was intended by said testator to be a complete revocation of said will and the devises therein."

3. "That decedent, at the time of the execution of said paper, was incapacitated to make a will in consequence of unsoundness of mind."

4. "That the execution of said paper was procured by fraud, and undue influence exercised over the mind of the decedent before and at the time of the execution of said paper."

5. "That the devisee was not capable of taking or holding under said will at the death of the testator."

The proponent demurred to the 2d and 5th grounds of contest ; the court sustained the demurrer, and the contestants duly excepted. Issue was then joined on the 1st, 3d and 4th grounds of contest.

On the trial, the contestants introduced as a witness Wm. Beeson, who testified, that two or three years before his death, the decedent deposited with witness a paper in a sealed envelope ; that, about one year thereafter and about two weeks after the death of decedent's wife, witness, at request of decedent, returned to him the paper sealed up as witness had received it, and, thereupon, decedent opened the envelope and permitted witness to read the paper several times, and after so reading it, witness said to decedent, "I thought you had given everything to Jacob Griffith?" and decedent replied, "I have, but my wife dying might change things ; I don't know what I'll do." Contestants then asked the witness, if the decedent said anything else, and the witness answered, that he did. The court, on the objection and motion of the proponent, ruled out this question and answer, and the contestants duly excepted.

The proponent asked the court, in writing, to charge the jury : "That the mere fact, that the testator obtained the

will from Beeson with whom he had deposited it, will not amount to a revocation of it, unless the evidence further shows, that there was an attempt made upon the instrument, either by burning, tearing, canceling or obliterating the same with the intention of revoking." The court gave this charge and contestants excepted.

There was evidence on the part of contestants, tending to show a sale by the decedent, after the making of the will, of a certain tract of land to one M. Beavers for $4,500.00, for which he had given his notes, and of which $1,100 had been paid.

The contestants asked the court, in writing, to give the following charge : " That, if the jury find from the testimony, that the testator sold and conveyed the land in fee simple to M. Beavers, after the execution of the will and before the testator's death, which he devised in said will, with the intention of revoking the will whether all the purchase money had been paid or not, they will find for the contestants." The court refused this charge and the contestants excepted.

There was a verdict and decree in the Probate Court sustaining the will, and the contestants appealed to the Circuit Court, and on said appeal assigned as errors, the sustaining of the demurrers to the 2d and 5th grounds of contest, the exclusion of the testimony of the witness Beeson, the giving of the charge asked by the proponent and the refusal of that asked by contestants. The Circuit Court held that there was no error in the record and proceedings in the Probate Court and affirmed the decree of said court. The judgment of the Circuit Court is here assigned as error.

WHITLOCK and HARALSON, and WATTS & SON, for appellants. 1. The declarations of the alleged maker of the will were competent evidence. A portion of the declarations were allowed to go to the jury, and the balance of the same conversation was not allowed to be proven. This was error. 2. The charge given at the instance of the proponent was erroneous, because it excluded from the consideration of the jury all other modes of revoking the will than those named in the charge. 3. The charge asked by contestants was good at common law.— *Walters v. Walters*, 7 Johns. Ch. 267–9. The cases of *Powell v. Powell*, 30 Ala. 697, and *Welsh v. Pownders*, 36 *ib.* 668, are not necessarily decisive of this case.

CLOPTON, J.—Though issues were formed involving the competency of the testator to make a will, and its procure-

ment by undue influence, the record raises no question relating to such issues, nor to the sufficiency of the evidence to establish the due execution of the will. The real contestation rests on the issue of revocation *vel non.* It is contended, that the testator revoked the will by reason of having sold and conveyed a large portion of his real estate devised, after the making of the will, notwithstanding the greater part of the purchase money was unpaid at the time of his death. Whatever dispositions of property made by a testator after making his will, independent of statute, will operate an implied revocation, our statute has prescribed a clear and well defined rule. It has heretofore been considered and construed in two cases, in each of which it was ruled, that a sale and conveyance of any property devised, after the making of the will, when any part of the purchase money remains unpaid to the testator at his death, does not operate a revocation of the devise, unless it clearly appears by instrument in writing, that it was intended to be a revocation.—Code, § 2287 ; *Powell v. Powell,* 30 Ala. 697 ; *Welsh v. Pounders,* 36 Ala. 668. These decisions have become a rule of property, which should not be disturbed.

There is no error in excluding the declarations of the testator to the witness Beeson, which could have worked injury to the contestants. Passing the fact, that the character of the further declarations, or whether they related to the issues involved, was not disclosed to the court, the purpose of their introduction could only have been to show, either an intention to revoke in the future, or a present oral revocation. Such evidence is incompetent for either purpose. The statute provides, that no will in writing can be revoked, except in cases otherwise specially provided, " unless by burning, tearing, canceling, or obliterating the same with the intention of revoking it, by the testator himself, or some person in his presence, and by his direction, or by some will in writing, or by some other writing of the testator, subscribed and attested according to law." It was not proposed to show that the will had been revoked in either of the modes prescribed by the statute. The evidence was irrelevant, and if admitted could not have affected the results of the case.

On the authority of the cases cited, the judgment must be affirmed.