LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* JOHN B. HERB.

*(Nashville.* December Term, 1911.)

1. **ADMINISTRATION. One sued by administrator may petition to revoke letters of administration granted without jurisdiction.**

A railroad company, when sued by an administrator for the wrongful death of his intestate, has such interest in the administration of the estate of the decedent as entitles it to file and maintain a petition to revoke the letters of administration, upon the ground that the county court was without jurisdiction to grant them; and such proceeding is the only way in which the validity of the letters of administration can be questioned. (*Post, pp.* 411-413, 418, 419.)

2. **SAME. Appointment of administrator by county court cannot be collaterally questioned.**

The appointment of an administrator by the county court is voidable only, and cannot be attacked collaterally. (*Post, p.* 413.)

Cases cited and approved: Railroad v. Mahoney, 89 Tenn., 312; Franklin v. Franklin, 91 Tenn., 131; Reeves v. Hager, 101 Tenn., 712.

3. **SAME. On estate of a deceased nonresident cannot be granted here to sue for wrongful death caused in another State, by a corporation of that State.**

The right of action which a personal representative has against a railroad company, a corporation of another State, for the wrongful death of his intestate caused by it in that State, is not an "asset," "estate," or claim in which the decedent's estate is interested, within the meaning of the statute (section 3935 of Shannon's Code), authorizing letters of administration upon the estate of a nonresident in a county where he had assets or

Railroad v. Herb.

where any debtor resides, etc.; for the right of action for a wrongful death is continued and preserved, not for the benefit of the estate of the decedent, but expressly and solely for that of the widow, children, or next of kin. (*Post, pp.* 413-416, 418, 419.)

Code cited and construed: Secs. 3935-3937, 4025, 4026 (S.); secs. 3043-3045, 3130, 3131 (M. & V.); secs. 2203-2205, 2291, 2292 (T. & S. and 1858).

Acts cited and construed: Acts 1831, ch. 24; Acts 1841-42, ch. 69; Acts 1871, ch. 78; Acts 1883, ch. 186.

4. **SAME.** "Assets" of estates of decedents include only property subject to debts.

"Assets," within the meaning of our administration laws, include only property subject to the payment of the indebtedness of decedents, and do not even include property which they owned and which is exempt in favor of the widows and infant children. (*Post, p.* 416.)

Cases cited and approved: Hall v. Railroad, 102 Ky., 484; Railroad v. Swayne, 26 Ind., 483.

5. **SAME.** Debts due estates of decedents are assets for administration in the jurisdiction where the debtor resides.

The general rule is that all simple contract debts and other claims of less dignity, due the estates of decedents from others, are assets for administration in the jurisdiction where the debtor or party liable therefor resides, and for a stronger reason is this the rule where the decedent and his debtor both reside in the same jurisdiction. (*Post, pp.* 416-418.)

Cases cited and approved: Swancy v. Scott, 9 Humph., 330; Young v. O'Neal, 3 Sneed, 55.

6. **SAME.** Debt that fixes jurisdiction is defined to be a fixed or specific sum due by contract; and not damages for wrongful death.

The word "debt," within the meaning of the statute (section 3935 of Shannon's Code) authorizing administration upon the estate of a deceased nonresident in a county where a debtor to

Railroad v. Herb.

such estate resides, means a fixed or specific sum due by contract, and does not include unliquidated damages recoverable in an action for tort; and a claim for damages growing out of a wrongful death is not a debt. (*Post, pp.* 418, 419.)

Code cited and construed: Sec. 3935 (S.); sec. 3043 (M. & V.); sec. 2203 (T. & S. and 1858).

## FROM DAVIDSON.

Appeal from the County Court to the Circuit Court of Davidson County, and appeal from such Circuit Court to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court.— THOMAS E. MATTHEWS, Circuit Judge.

JOHN BELL KEEBLE, ED. T. SEAY and F. M. BASS, for Railroad.

PITTS & M'CONNICO, W. H. WASHINGTON and J. G. LACKEY, for Herb.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

This case was begun by petition filed by the Louisville & Nashville Railroad Company, in the county court of Davidson county, to revoke letters of administration granted by that court to Jno. B. Herb upon the estate of Leo F. Herb, deceased, because it had no jurisdiction or authority to grant the same.

Railroad v. Herb.

The allegations of the petition are that the Louisville & Nashville Railroad Company is a corporation created and organized under the laws of the State of Kentucky, having offices and agents in that State, and also in Davidson county, Tennessee, and that Leo F. Herb, deceased, was, previous to August 10, 1910, a citizen and resident of Hopkins county, Kentucky, and there received injuries from which he there died; that on August 10, 1910, the defendant, John B. Herb, applied for and was granted letters of administration upon the estate of said Leo F. Herb by the county court of Davidson county, and upon the same day, as such administrator, brought suit against the petitioner in the circuit court of Davidson county for $25,000 damages for the alleged wrongful and negligent killing of his intestate, which is pending in said court.

It is further alleged that Leo F. Herb at the time of his death, and when said letters of administration were applied for and granted, had no goods, chattels, assets, or any estate, real or personal, in Davidson county, nor any debtor or debtor of a debtor residing in said county, and that there was no suit to be brought, prosecuted, or defended in said county in which his estate was interested. It is charged upon these facts that the county court of Davidson county was without jurisdiction to grant letters of administration upon the estate of the decedent, and that the same should be recalled and revoked. The prayer is for this special relief and for general relief.

The defendant demurred to the petition upon several grounds, but only two questions are presented for determination. The first is whether the petitioner has such interest in the administration of the estate of the decedent as entitles it to maintain this proceeding; and the other is whether or not the right of action growing out of the alleged negligent killing is an asset of the estate of the decedent, in this State, sufficient to give the county court of Davidson county jurisdiction to appoint an administrator of his estate.

The demurrer was sustained by the county and the circuit courts, but was held bad by the court of civil appeals, and the case is now before this court upon a petition for *certiorari* to review the action of the latter court.

We are of opinion that the petitioner has such interest in the administration of the estate of Leo. F. Herb to entitle it to prosecute this proceeding. John B. Herb has sued the petitioner in the capacity of administrator of the estate of the decedent. If he was not lawfully appointed, the petitioner has the right, in a proper way, to show that fact, and thus defend itself from being harassed by a suit brought without authority of law, and from complications that may arise, should his letters of administration be revoked, upon the application of some one interested in the estate of the decedent as a creditor, next of kin, or otherwise.

The right of a plaintiff to maintain an action in the capacity he sues, or to sue in a particular court or jurisdiction, may always be challenged by a defendant,

although he may be liable for the wrong sought to be redressed in a suit brought in a proper court, by the proper party. This proceeding is the only manner in which the validity of letters of administration can be called into question. The appointment by the county court is voidable only, and cannot be attacked collaterally. *Railroad Co.* v. *Mahoney,* 89 Tenn., 312, 15 S. W., 652; *Franklin* v. *Franklin,* 91 Tenn., 131, 18 S. W., 61; *Reeves* v. *Hager,* 101 Tenn., 712, 50 S. W., 760.

In support of the other question presented for the defendant, it is said that the right of action which the personal representative of Leo F. Herb has against the petitioner for the alleged unlawful killing of the decedent is assets or estate of the decedent, or a debt due decedent, within the meaning of our Code, section 2203, subsections 1 and 2, and that the action to recover the same is a suit in which his estate is interested, within the meaning of subsection 4 of said section, sufficient to confer upon the county court of Davidson county jurisdiction to grant letters of administration upon the estate of the decedent. We cannot agree to this contention.

The jurisdiction of the county courts of this State to appoint administrators upon the estates of citizens and residents of other States and foreign countries has been the subject of legislation, and can be exercised only in the cases provided by that legislation. It is to be found in Code, sections 2203-2205 (Shannon's Ed., sections 3935-3937). Section 2203 is in these words:

"Sec. 2203.  Nonresident's Estate—Administration.—
Letters testamentary or of administration may be grant-
ed upon the estate of a person who resided, at the time
of his death, in some other State or territory of the
Union, or in a foreign country, by the county court of
any county in this State.

"(1)  Where the deceased had any goods, chattels,
or assets, or any estate, real or personal, at the time of
his death, or where the same may be when said letters
are applied for.

"(2)  Where any debtor of the deceased resides.

"(3)  Where any debtor of a debtor of the deceased
resides, his debt being unpaid when the application is
made.

"(4)  Where any suit is to be brought, prosecuted, or
defended, in which said estate is interested."

The other sections relate to suits in the chancery and
supreme courts, and have no application to this case.

These sections were taken from Acts 1831, ch. 24, and
Acts 1841-42, ch 69, enacted at a time when the right of
action for personal injuries abated or was extinguished
by the death of the injured party, and they could not
have been intended to include such claims for damages
as assets of the estate of a decedent.  We do not think
such rights of action are assets or estate of a decedent
within the meaning of the statutes.  The action, if any,
which the personal representative of Leo F. Herb has
against the petitioner for his unlawful killing, is under
the statutes of Kentucky where the alleged wrong oc-
curred.  There is nothing in the record to show the na-

Railroad v. Herb.

ture of those statutes, and we therefore persume that they are similar to those of this State. The first statute of this State upon the subject, enacted in 1851, is carried into the Code of 1858 at sections 2291, 2292, and provides that the right of action which a person, who dies from injuries received from wrongful act or omission, would have against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and if no widow, to his children; or to his personal representative for the benefit of his widow and children, or next of kin, free from the claims of creditors, and that the action may be instituted by the personal representative of the deceased, or if he decline to sue, by the widow and children of the deceased, in his name. In 1871, by an act then passed (Acts 1871, ch. 78) the widow is authorized to sue in her own name, and, if there be no widow, the children may sue in their name. And by an act passed in 1883 (Acts 1883, ch. 186) plaintiffs in such cases are given the right to recover the damages which they may sustain in consequence of the death of the decedent in addition to those which the decedent could have recovered had he survived his injuries. Rights of action accruing to an injured party for torts to the person, under the common law, were extinguished by his death. While these statutes change this rule and preserve or continue the right, it is not for the benefit of the estate of the decedent, but expressly and solely for that of the widow, children, or next of kin.

The administrator, it is true, is authorized by the statute to sue, but it is as trustee for the widow and next of kin. He cannot sue for the benefit of the estate. That the suit can also be brought by the widow, and in the absence of a widow, by the children in their own name, and that the recovery is not only for the damages done to the decedent, but also for those sustained by the widow and children, or next of kin, conclusively repel the idea that the right of action is an asset of the estate of the decedent.

It is well settled that assets, within the meaning of our administration laws, include only property subject to the payment of the indebtedness of decedents. They do not even include property which he owned and exempt in favor of the widow and infant children.

This question has not before been presented to this court, but has been passed upon by the courts of last resort in Kentucky and Indiana, and there held in accordance with this opinion. *Hall's Adm'r* v. *L. & N. R. R. Co.,* 102 Ky., 484, 43 S. W., 698, 80 Am. St. Rep., 358; *Jefferson R. R. Co.* v. *Swayne's Adm'r,* 26 Ind., 483.

But if a claim for damages growing out of the alleged killing of one by the wrongful act of another was assets of the estate of the deceased within the meaning of our statutes or those of Kentucky, the county court of Davidson county was without jurisdiction in this case.

The general rule is that all simple contract debts and other claims of less dignity, due the estates of decedents from others, are assets for administration in the juris-

diction where the debtor or party liable therefor resides. *Swancy* v. *Scott,* 9 Humph., 330.

The Louisville & Nashville Railroad Company is a corporation created and organized under the laws of the State of Kentucky. It has its domicile and offices and agents in that State, and there operates a railroad. The decedent, Leo F. Herb, was a citizen and resident of that State, was there injured, and there died. The cause of action which arose from his alleged wrongful killing is one for unliquidated damages. The jurisdiction, therefore, to grant letters of administration upon the estate of the decedent to prosecute this right of action, is solely in the probate courts of Kentucky.

Our statutes were enacted to provide for the administration of the estates of nonresident decedents found in this State, because the personal representative appointed in the State where the decedent resided at his death has no authority here. It was not intended that the courts of this State should assume jurisdiction of assets of citizens and residents of other States and within the jurisdiction of their courts. The comity which prevails among the several States forbids such construction.

In *Young* v. *O'Neal,* 3 Sneed, 55, it was held that the executor of a decedent in the State of Illinois could not collect a note due his intestate from a citizen of this State, and here at the time of the death of the testator. But it is said: "If the debtor and creditor both reside in the same country at the time of the creditor's death,

125 Tenn.—27

and an administration is taken out in that country, in such case as the debt is properly due there, it rightfully falls within that administration." Or, in other words, where the debtor and creditor reside in the same State, the debt is assets of the decedent in that State.

The right of action in question cannot have a *situs* and be assets in more than one State, and being in Kentucky, and within the jurisdiction of the courts of that State, it is clear that it is not within the jurisdiction of the courts of this State.

The claim for damages growing out of the death of a decedent is not a debt. That term is applied to a fixed or specific sum due by contract, and not to unliquidated damages recoverable in an action for a tort. But, if it was a debt, what we have said above is conclusive that its *situs* is in Kentucky, where the creditor and debtor both resided at the death of the former.

It follows from what has been said that subsection 4 of section 2203 did not authorize the county court of Davidson county to exercise probate jurisdiction in this case, because the estate of decedent is not interested in the suit to be brought by or for his widow, children, or next of kin. This provision was also intended to cover only those cases where it is necessary, in order to protect the estate of the decedent, to bring a suit in this State. The action which it is sought to bring against the Louisville & Nashville Railroad Company for the death of the decedent is one that can as well be brought in the State of Kentucky, by the laws of which it is given, as in this State, and there is no reason it should be brought here.

Railroad v. Herb.

It is said that an action for damages for the death of one by wrongful act is transitory, and can be brought anywhere the wrongdoer can be found. This is true, provided there be one authorized to bring the action in the jurisdiction where it is attempted to be instituted. That question, however, has nothing to do with this case. We are here to determine whether the county court of Davidson county had jurisdiction to appoint an administrator of the estate of the decedent and that only. We are of opinion that upon the allegations of the petition, which are taken as true upon demurrer, such jurisdiction did not exist.

Therefore, there is no error in the judgment of the court of civil appeals overruling the demurrer, and the writ of *certiorari* to reverse the same is denied.