# Scarbrough *v.* Scarbrough, *et al.*

## *Will Contest.*

(Decided February 6, 1912. 57 South. 820.)

*Wills; Interest Devised; Substitute.*—Where the testator owned one-half interest in a plantation, and devised it to his daughter, and after the execution of the will sold it and accepted notes in payment, and before his death, acquired the entire property in the notes, section 6163, Code 1907, avoided the revocation of the will by the

simple act of the sale of the property devised, and substituted for the property so sold the unpaid purchase money, and the devisee was entitled to one-half of the proceeds of the note, the acquisition by her testator of the entire interest not affecting her rights.

APPEAL from Calhoun Chancery Courts.

Heard before Hon. W. W. WHITESIDE.

Bill by A. Lee Scarbrough in his representative capacity, for construction of a will, and to remove the estate from the probate to the chancery court. From a decree construing the will Mamie Scarbrough appeals. Affirmed.

WILLETT & WILLETT, and C. D. KLINE, for appellant. The court erred in decreeing Mamie Scarbrough a half interest in the notes amounting to $11,000.00 instead of a half interest in the $16,000.00.—Sec. 6163, Code 1907. It is clear that testator intended to make a clear gift to his sister of a one-half interest in the plantation. —*Pitts v. Campbell*, 55 South. 501; 30 A. & E. Enc. of Law, 688; *Davis' Estate*, 6 Pa. 45; Underhill on Wills, Sec. 358. The code section above · referred to was enacted for the purpose of effectuating gifts made by will.

LAPSLEY & ARNOLD, for appellee. No brief reached the Reporter.

McCLELLAN, J.—Eba Scarbrough owned, on January 9, 1909, when he executed his last will and testament, an undivided half interest in a tract of land called the "Whisenant Plantation," lying in Calhoun and Etowah counties. William A. Scarbrough then owned the remaining undivided half interest therein. Subsequent to the execution of his will, Eba and William A. Scarbrough sold the land for $20,000; the purchaser assuming the payment of a mortgage for $4,000, and also paying, in cash, $5,000. For the balance of the pur-

chase money, viz., $11,000, the purchaser gave three notes. Eba and William A. Scarbrough each had a one-half interest in these notes. Through dealings between Eba and William A., the former became the owner of the interest of William A. in these notes. By the second item of Eba Scarbrough's will, Mamie Scarbrough, wife of William A., was devised the one undivided half interest Eba Scarbrough owned in the "Whisenant Plantation." There being no writing evincing a purpose to revoke the devise, the question propounded is: What is the interest, in amount, of Mamie Scarbrough in the fund represented by the three notes mentioned?

Code, § 6163, is as follows: "When any testator, after making his will, makes any contract for the conveyance of any property devised in such will, and the whole or any part of the purchase money remains unpaid to such testator at his death, the disposition of the property by such contract is not a revocation of the devise, at law or in equity, unless it clearly appears by the contract, or some other instrument in writing, to be intended as a revocation; and such property passes to such devisee, subject to the same remedies for a specific performance thereof, in favor of the persons entitled thereto, against the person to whom such devise was made, as might be had at law or in equity against the heirs of the testator, had the same descended to them; and the purchase money, when recovered by the executor of the testator, must be paid to the devisee of such property."

It is not necessary at this time to take other particular note of the statute than to refer to the several decisions heretofore delivered with reference to it, namely:—*Powell v. Powell*, 30 Ala. 697; *Welsh v. Pounders*, 36 Ala. 668; *Slaughter v. Stephens*, 81 Ala. 418, 2 South. 145.

[Scarbrough ·v. Scarbrough, et al.]

One effect of the statute was and is to avoid the revocation of a will by the simple act of a contract to sell or a sale of the property devised thereby; and another was to *substitute*, for the property so contracted away by the will maker, the unpaid purchase money therefor, whether it be all or only a part. When recovered by the executor of the testator, the prescription of the statute is that it be paid to the devisee of such property; that is, the *devised* property that the testator, in life, had sold or contracted to sell.

Accordingly, the maximum measure of interest Mamie Scarbrough could have in the unrecovered and unpaid purchase money is one-half of $11,000—the sum found by the chancellor to be her due. The idea of substitution, dominant in the statute, fixes the maximum limit of this devisee's interest at one-half of the uncollected purchase money.

As the learned chancellor says, the purchase by Eba Scarbrough of the interest of William A. Scarbrough in the *three notes* did not, could not, enlarge the interest of Mrs. Scarbrough under the statute quoted. This transaction, of course, enlarged Eba Scarbrough's interest in the unpaid purchase money; but it did not enhance her interest under the statute, any more than it would have been enlarged if Eba Scarbrough had bought William A. Scarbrough's half interest in the land itself and had then died without selling it. In that event, Mamie Scarbrough would have taken a half interest only, under item 2 of the will. Certainly it was not the purpose, and cannot be the effect, of the statute to enhance the devisee's right or interest beyond that the *substitution*, in proportion, the unpaid purchase money affords. The maximum proportion becomes fixed, for the purposes of this statute, when the testator, in life, contracts or conveys that which he has devised; and

no other transaction or dealing, whatever the moment of its consummation, operates to change the status upon which the statute has its clear influence. It is the property devised, the sale thereof, and the death of the testator with all or a part of the purchase money for the property devised unpaid (and not that otherwise acquired), that makes the factors for the statute's control (its disposition).

The decree is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J,. not sitting.