**PHILLIPS v. PHILLIPS et al.   (8 Div. 724.)**

(Supreme Court of Alabama.   April 16, 1925.)

**1. Wills ⚖➞767—Sale of land devised held not to revoke devise as to unpaid purchase money.**

Under Code 1923, § 10588, providing that devise is not revoked by contract for conveyance of property devised, sale of land devised by testator, domiciled in another state prior to his death, did not revoke such devise as to unpaid purchase price, regardless of law of state of testator's domicile; the purchase money being substitute for land.

**2. Wills ⚖➞70, 436—Wills devising land are governed by lex loci rei sitæ.**

Wills devising land are governed by lex loci rei sitæ, not only as to manner of execution, but as to construction and legal effect.

**3. Deeds ⚖➞3—Descent and distribution ⚖➞1 —Wills ⚖➞1—State has inherent right to regulate alienation, devise, or descent of land within its borders.**

State has inherent right to regulate alienation, devise, or descent of land within its borders.

**4. Wills ⚖➞436—Foreign will as to land has same construction and effect as domestic will.**

As to land situated within state, foreign will has same construction and effect as domestic will.

**5. Wills ⚖➞487(1)—Parol evidence as to intent of testator concerning proceeds from sale of devised land held incompetent.**

Under Code 1923, § 10588, declaring that unpaid purchase money for devised property shall not be taken out of operation of devise, unless such intent is clearly expressed by instrument in writing, parol evidence that testator was keeping proceeds from sale of devised land separate, and evidence as to his intentions, and declarations of intent relating thereto, was incompetent in suit for construction of will.

**6. Executors and administrators ⚖➞12—Real assets are subject to jurisdiction of situs for purpose of administration.**

Notes received by testator for unpaid purchase price of devised land are real assets and subject to jurisdiction of situs for purpose of administration.

**7. Executors and administrators ⚖➞12—General rule is that personal assets, tangible or intangible, are subject to administration in state whose laws furnish remedies for reduction to possession.**

As general rule, personal assets, tangible or intangible, are subject to administration in state, whose laws furnish remedies for reduction to possession.

**8. Executors and administrators ⚖➞12—Contract debts are subject to administration in state where debtor resides.**

Contract debts are subject to administration in state where debtor resides.

**9. Executors and administrators ⚖➞12 — In case of domiciliary and ancillary administration, real assets are distributed in that jurisdiction under whose laws succession is to be determined.**

In case of domiciliary and ancillary administration, real assets, no rights of foreign creditors intervening, are to be distributed in that jurisdiction under whose laws succession is to be determined.

**10. Executors and administrators ⚖➞12—In case of domiciliary and ancillary administration, personal estate is to be distributed in jurisdiction under whose laws succession is to be determined.**

In case of domiciliary and ancillary administration, where will bequeaths personal estate to designated beneficiaries, wholly separate from those who take property subject to jurisdiction of domicile, in absence of rights of foreign creditors intervening, such property is to be distributed in that jurisdiction under whose laws succession is to be determined.

**11. Executors and administrators ⚖➞12—Notes for devised lands sold by testator prior to death were subject to administration and distribution within state in which land was located.**

In view of Code 1923, § 10588, relating to revocation of devise by contract for conveyance of property devised, unpaid purchase money of devised lands sold by testator prior to death, and held in state, was subject to administration and distribution by court of state, although testator at time of death was domiciled in another state.

**12. Wills ⚖➞436—Refusal of application to let in proof of laws of state of testator's domicile concerning construction of will held not error.**

In suit for construction of will of testator domiciled in another state, as to notes representing proceeds of devised land held within state, and sold by testator before his death, refusal on rehearing to let in proof of laws of state of testator's domicile concerning construction of will was not error.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Bill in equity by A. L. Phillips, individually and as executor of the estate of W. H. Phillips, deceased, and T. J. Phillips against Mrs. T. E. Phillips and others, for removal of administration from the probate court to the circuit court, construction of the will, and sale of property for division. From a decree granting relief as prayed, respondent Mrs. T. E. Phillips alone appeals. Affirmed.

R. M. Sims, of Florence, for appellant.

The circuit court had no jurisdiction to construe the will as to personal property. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Brock's Adm'r v. Frank, 51 Ala. 85; Equitable Soc. v. Vogel's Ex'x, 76 Ala. 445, 52 Am. Rep. 344; Blacksher Co. v. Northrup, 176 Ala. 200, 57 So. 743, 42 L. R. A. (N. S.)

---

⚖➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

454; Donohoo v. Lea, 1 Swan (Tenn.) 119, 55 Am. Dec. 725; Bradford v. Leake, 124 Tenn. 312, 137 S. W. 96, Ann. Cas. 1912D, 1140. The notes and mortgage involved were personal property. Shannon v. Simms, 146 Ala. 677, 40 So. 574; Hall & Farley v. Ala. Co., 143 Ala. 464, 39 So. 287, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363; Shannon's Code (Tenn.) 1896, § 51. The situs of personal property follows that of the owner. 2 Kent's Comm. 429; Metcalf v. Lowther's Ex'x, 56 Ala. 312; Johnson v. Copeland's Adm'r, 35 Ala. 521; Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586; Code 1907, § 2558; Manly's Adm'r v. Turnipseed, 37 Ala. 522; Bell's Adm'r v. Nichols, 38 Ala. 678. Section 6165 of the Code of 1907 applies only to estates of testators domiciled in Alabama.

Mitchell & Hughston, of Florence, for appellees.

The sale of the lands did not constitute an ademption of the legacy, and the purchase-money paper remained real estate under the will. Code 1907, § 6163.

BOULDIN, J. The question of merit in this cause turns upon the construction of the will of W. H. Phillips, deceased. The testator had his domicile in the state of Tennessee. He owned property, real and personal, situated in Tennessee and in Alabama. The Alabama property, consisting of real estate in the city of Florence and corporate stock in Florence enterprises, was devised and bequeathed to his brothers and sisters, and their descendants. The Tennessee property was disposed of by a specific legacy to an adopted daughter, a specific devise to her son, and the residue of the estate, real and personal, to Mrs. T. E. Phillips, the wife of the testator. A brother, residing in Alabama, and the husband of his adopted daughter, residing in Tennessee, were named executors.

The will was duly probated at the domicile, and letters testamentary granted to the executors; and later probated in Alabama and letters testamentary here granted. After the execution of the will devising the Alabama real estate to his brothers and sisters, the testator sold a portion known as the "Pickett Place," taking notes and mortgage for deferred payments of purchase money. Some of these notes were unpaid at the time of the testator's death, and were in the possession of his brother Tom Phillips, in Florence, Ala., who was acting as agent of the testator in looking after the Alabama property. Tom Phillips turned over these notes and mortgage to A. L. Phillips, the executor, resident in Alabama. A. L. Phillips, individually and as executor, filed this bill to remove the administration to the equity court, construe the will, and make settlement. The bill claims these purchase-money notes passed under the devise of the Alabama lands to the brothers and sisters of the testator. Mrs. T. E. Phillips, by answer, set up her claim to these notes as residuary legatee of the personal estate. By special plea and by answer it was further alleged that the notes involved were personal assets under the law of the domicile; that a prior suit was pending in Tennessee for the construction of the will; and that the domiciliary court, having acquired jurisdiction, was the proper forum to determine the issue. The Alabama court proceeded to a decree holding these purchase-money notes passed to the brothers and sisters of decedent under devise of the lands.

The substantial issue here presented is: Did these purchase-money notes pass under the devise of the Alabama real estate, or as personalty under the residuary clause according to the law of the domicile? The solution seems to turn on whether the will, as it affects these notes, is to be construed under the laws of Alabama or the laws of Tennessee.

[1] Section 10588 (6163) of the Code of Alabama of 1923 reads:

"*When Devise Not Revoked by Contract for Conveyance of Property Devised.*—When any testator, after making his will, makes any contract for the conveyance of any property devised in such will, and the whole or any part of the purchase money remains unpaid to such testator at his death, the disposition of the property by such contract is not a revocation of the devise, at law or in equity, unless it clearly appears by the contract, or some other instrument in writing, to be intended as a revocation; and such property passes to such devisee, subject to the same remedies for a specific performance thereof in favor of the persons entitled thereto, against the person to whom such devise was made, as might be had at law or in equity against the heirs of the testator, had the same descended to them; and the purchase money, when recovered by the executor of the testator must be paid to the devisee of such property."

See Scarbrough v. Scarbrough, 176 Ala. 141, 57 So. 820; Slaughter v. Stephens, 81 Ala. 418, 2 So. 145; Welsh v. Pounders, 36 Ala. 668; Powell. v. Powell, 30 Ala. 697.

This statute defines the legal effect of devises to lands situated in Alabama. As to unpaid purchase money, still identified as such, and in the hands of the testator at the time of his death, the devise is not revoked. In other words, the will continues in force as a devise of lands, attaching to the unpaid purchase money as a substitute for the lands. For the purposes of the will, the statute treats the unpaid purchase money as real estate. It may be said the statute is written into every devise of lands situate in Alabama, as if to say, on the face of the will. "I devise this land or any unpaid purchase money due me thereon at my death, to the persons named in the will." It may be conceded that the revocation of a will is

to be determined by the law of the domicile. This statute has a fuller meaning than a mere negative of the revocation pro tanto by the testator's parting with the title after the execution of his will. It fixes the construction of devises to lands, and declares what shall pass thereunder.

[2] It is uncontroverted law that wills to lands are governed by the lex loci rei sitæ. This rule extends not only to manner of execution, but to the construction and legal effect of such devises.

[3] The rule is founded upon the inherent right of every sovereign state, for its own security and in keeping with its dignity and independence, to regulate the alienation, devise, or descent of real estate within its borders. Blacksher Co. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L. R. A. (N. S.) 454; Equitable Life Assurance Society v. Vogel's Ex'x, 76 Ald. 445, 52 Am. Rep. 344; Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Brock v. Frank, 51 Ala. 85; 1 Alexander on Wills, § 271; 12 C. J. 477, 478; Waterhouse v. Stanfield, 41 Eng. Ch. 234.

[4] As to real estate situate in Alabama, a foreign will has the same construction and effect as a domestic will. By force of our statute, the unpaid purchase money here involved passed to the devisees of the real estate.

[5] Parol evidence of complainants' witnesses to the effect that the testator was keeping the estate separate, that he intended the notes to pass to his brothers and sisters, and the testimony of Mrs. Phillips as to declarations of his intent that she should take these notes, was alike incompetent. The statute declares the unpaid purchase money shall not be taken out of the operation of the devise unless such intent is clearly expressed by an instrument in writing. Slaughter v. Stephens, 81 Ala. 418, 2 So. 145.

[6] For purposes of administration, real assets, as here involved, are subject to the jurisdiction of the situs.

[7] As a general rule, personal assets, tangible or intangible, are subject to administration in the state whose laws must furnish the remedies for their reduction to possession. 28 C. J. p. 1016, § 44.

[8] Contract debts are subject to administration in the state where the debtor resides. 28 C. J. p. 1016, § 45; L. & N. R. Co. v. Herb, 125 Tenn. 408, 143 S. W. 1138.

[9] In case of a domiciliary and ancillary administration, real assets, no rights of foreign creditors intervening, are to be distributed in that jurisdiction under whose laws the succession is to be determined. Hatchett v. Berney, 65 Ala. 39; Sloan v. Frothingham, 65 Ala. 593; Harris v. Moore, 72 Ala. 507; 24 C. J. pp. 1127, 1128, § 31.

[10] The same rule obtains in Alabama as to personal estate where the will bequeaths the property here administered to designated beneficiaries wholly separate from those who take the property subject to the jurisdiction of the domicile. Wright v. Phillips, 56 Ala. 69; Fretwell v. McLemore, 52 Ala. 124.

[11] It follows that the assets here involved were subject to the jurisdiction of the Alabama court, which rightly proceeded to administer the res, adjudicate the rights of the parties therein, and make distribution thereof accordingly.

This conclusion, on the merits of the cause, follows from the undisputed facts in the record.

[12] Hence, there was no prejudicial error in refusing the application for rehearing to let in parol evidence offered by respondent, and proof of the laws of Tennessee touching the construction of the will.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.