96 So.2d 448

**R. Breyman BOISE, as Executor,**

**v.**

**Bradford MERRY et al.**

6 Div. 103.

Supreme Court of Alabama.

June 27, 1957.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellees.

SIMPSON, Justice.

This case was before us on former appeal, reported as Merry v. County Board of Education of Jefferson County, 264 Ala. 411, 87 So.2d 821. A sufficient statement of the case was there made, and will not be repeated here except insofar as is necessary to an understanding of the question presently raised and treated. The former appeal was by the complainants from a decree sustaining demurrers to certain phases of their bill. We affirmed the decree, and on return to the trial court, there was a resubmission on the remaining aspect and the demurrer thereto by the respondent Boise as executor of the will involved. On resubmission the trial court overruled his demurrer, and the executor brings this appeal.

Briefly stated, the bill alleged that Lena B. Snedecor died April 1, 1952, leaving a will wherein R. Breyman Boise was named as executor. The will was duly probated in the state of testate's residence and filed for record in the office of the Probate Judge of Jefferson County. Specifically, and as here pertinent, the will provided:

"Eighth: I devise to my deceased husband's two nephews, Bradford Merry and Horace Merry, of Birmingham, Alabama, in equal shares, or to their heirs by right of representation all of the real estate which I may own at the time of my death which is located in the State of Alabama, which shall be their full share in my estate."

After some other bequests the will left all the rest and residue of the estate to appellant Boise, nephew of testatrix.

It was alleged that on March 20, 1952, shortly before her death, Mrs. Snedecor executed a deed to the property here involved, situate in Jefferson County, Alabama, to respondent County Board of Education of Jefferson County, Alabama, and forwarded the same to a law firm in Birmingham, to be delivered upon the conditions alleged. The grantee paid over to the grantor's attorney the consideration stated in the deed and received the deed from them on April 28, 1952, after death of the grantor. Thereafter the attorneys paid over to Boise, as executor, the consideration for the deed.

The bill was in these aspects: (1) Cancellation of the deed; (2) declaration of the interest of complainants in the real property the subject of the deed, or in the proceeds of the sale of it; and (3) construction of the will and declaration of complainants' interest thereunder.

On original submission the trial court overruled the separate demurrers of respondents to the bill as a whole, but sustained those grounds of each demurrer to the aspects seeking cancellation and a construction of the will. On the former appeal, supra, we confined our consideration to the sustaining of the demurrer to those two aspects. The sole question now before us is the equity of the bill in its aspect seeking a declaration of complainants' rights under the will in view of § 13, Title 61, Code of 1940.

No question is raised as to the form of remedy pursued by the devisees. However, our statutes dealing with declaratory judgments are: §§ 157, 159, Title 7, Code of 1940. Nor is it contended that no justiciable controversy is presented.

The statute relied upon, § 13, Title 61, Code of 1940, provides:

"When any testator, after making his will, makes any contract for the conveyance of any property devised in such will, and the whole or any part of the purchase money remains unpaid to such testator at his death, the disposition of the property by such contract is not a revocation of the devise, at law or in equity, unless it clearly appears by the contract, or some other instrument in writing, to be intended as a revocation; and such property passes to such devisee, subject to the same remedies for a specific performance thereof in favor of the persons entititled thereto, against the person to

whom such devise was made, as might be had at law or in equity against the heirs of the testator, had the same descended to them; and the purchase money, when recovered by the executor of the testator, must be paid to the devisee of such property."

The argument for appellant is, in effect, that (1) testatrix did not own the property involved at the time of her death, and (2) that her intention was to revoke the devise to complainants. It is contended that, construing the averments of the bill most strongly against complainants, it appears that testatrix in her lifetime made a contract of sale of the suit property to the County Board of Education; that this contract was executory; that such contract made the vendee the equitable owner of the property or effected an equitable conversion of the real estate into personalty. So that, it is argued, the proceeds of the sale are to be treated as personalty and should go to the personal representative for due administration. Appellant cites First National Bank of Lincoln v. Cash, 220 Ala. 319, 125 So. 28; Brown v. Olsson, 254 Ala. 695, 49 So.2d 564. While we find no fault with the stated rule of equitable conversion as applied to ordinary purposes of administration of estates, this is not such a case. We have not a question of equitable conversion, but one of the applicability of § 13, Title 61 of the Code. It is to be borne in mind, and neither side contends to the contrary, that the question of the validity of the alleged contract of sale of the property is out of consideration in the case now before us. The bill alleges that if complainants be mistaken in the averment or averments that no contract was made prior to the death of the testatrix between testatrix and the County Board for the sale of the realty, then complainants seek to establish their right to the purchase price paid for the property. Thus we proceed, as did the trial court on last submission, upon the theory that there was a contract made by testatrix, a deed delivered in escrow before her death, and delivery of the deed and payment of the purchase price subsequent to her death.

Applying the situation disclosed by the bill to § 13, Title 61, supra, it thus appears that the testatrix, after making her will, made a contract for the conveyance of property which had been devised to appellees in such will and the purchase money remained unpaid to her at her death. By the terms of the statute, disposition of the property was not a revocation of the devise, unless intention to revoke was made to appear by the contract or some other instrument in writing, and the purchase money, when recovered by the executor was required to be paid to the devisees.

It has been held that the intended effect of § 13 was to prevent the revocation of a devise unless the clear intent of the testator appeared in writing. Slaughter v. Stephens, 81 Ala. 418, 2 So. 145; Powell's Distributees v. Powell's Legatees, 30 Ala. 397. As we stated in Scarbrough v. Scarbrough, 176 Ala. 141, 144, 57 So. 820:

"One effect of the statute was and is to avoid the revocation of a will by the simple act of a contract to sell or a sale of the property devised thereby; and another was to substitute, for the property so contracted away by the will maker, the unpaid purchase money therefor, whether it be all or only a part. When recovered by the executor of the testator, the prescription of the statute is that it be paid to the devisee of such property; that is, the devised property that the testator, in life, had sold or contracted to sell."

We entertain the view that the bill has equity in that aspect here brought under review, and that the trial court correctly overruled the demurrer thereto.

Affirmed.

All Justices concur, except STAKELY, J., not sitting.