I concur in the result reached.
A state has the inherent right to regulate alienation, devise or descent of land within its borders. Phillips v. Phillips,213 Ala. 27, 104 So. 234 (1925). The clear policy of this state, at least since passage of the Adoption Act, Act No. 405, in 1931, is that an adopted child has the same rights of inheritance to real estate or to the distribution of the personal estate of the adoptive parent "as if born . . . in lawful wedlock." In other words, I think our statutory system of giving an adopted child the same rights of inheritance as one "born . . . in lawful wedlock" necessarily, in cases where the testator's intention is not clear, supplies the intention; that is, the adopted child takes by designation of the system. Furthermore, a will speaks as of the date of the death of the testator, Murphy v. Traylor, 292 Ala. 78, 289 So.2d 584 (1974), and even though Mr. Houston made his will prior to the enactment of Act No. 405 in 1931, his death occurred after the passage of that Act. In my opinion, the Adoption Act would affect all wills involving adopted children where the death of the testator occurred after the passage of that Act, regardless of when the will was executed, because of the rule that a will speaks as of the date of the death of the testator and because the rule of statutory construction that the words of a legislative enactment will not be given retroactive effect unless the language used permits no other reasonable construction, does not apply in the construction of wills. 95 C.J.S., Wills, § 629, p. 894. *Page 858 
Alabama's statutory scheme entitles an adopted child to succeed to the estate of the adopting parent in the same manner as if it had been a natural child of that parent; therefore, I think that Mr. Houston's use of the term "issue" meant that he intended to include an adopted child, even though the child was adopted after the will was made and Mr. Houston was dead. ReHeard's Estate, 49 Cal.2d 514, 319 P.2d 637 (1957).