This case is an appeal from a decree of the Probate Court of Baldwin County denying an application to probate an instrument purporting to be the Last Will and Testament of Vivian Mae Waters.
Vivian Mae Waters died on December 3, 1977, while a resident and citizen of Baldwin County. On December 19, 1967, Mrs. Waters (then Miss Vivian Mae Parker) executed a Will, being unmarried at that time. On February 28, 1969, she married Mack Waters, who survived her. Mrs. Waters did not execute any other Will subsequent to her marriage.
On January 3, 1978, Floyd B. Parker, the person named as Executor in the Will of December 19, 1967, filed an application to probate that Will. The Probate Court denied Appellant's application for probate, predicating its denial on that portion of § 43-1-8, Ala. Code 1975, which provides:
. . . if after making of a will a woman marries, the marriage operates as a revocation of the will. *Page 876 
Both parties are in agreement that the only issue before this Court is the constitutionality of the quoted portion of § 43-1-8.
For the reasons stated hereinafter, we hold that the portion of this statute, which provides that a woman's marriage revokes her Will, is unconstitutional in that it denies equal protection of the law. We reverse.
Appellant relies on Peddy v. Montgomery, 345 So.2d 631 (Ala. 1977), a case in which this Court held that Tit. 34, § 73, Code of Alabama 1940,[1] providing that a married woman lacked the power to alienate or mortgage her land without the consent of her husband, was unconstitutional on equal protection grounds. In Peddy, it was noted that the Court was not deciding whether all legislation which contained "a so-called `gender-based classification,' violates the constitution, either of this state or of the United States."
In order to determine the constitutionality of § 43-1-8, a brief review of the history of the effect of marriage on a previously executed will is necessary.
At common law, a man's will was not revoked merely by his subsequent marriage, but, rather, upon the first issue's birth by that union. The reason generally given for this rule is that a wife would not benefit by a revocation of the will. Common law did not allow a wife to take, either by descent or succession, from her husband if he died intestate. Furthermore, the interests of the wife were adequately protected by the common law rule of dower. 2, W. Bowe D. Parker, Page onWills, § 21.89 at 501 (3d ed. 1960).
In contrast, the common law provided that a woman's marriage revoked all antenuptial wills, whether she survived her husband, and irrespective of birth of issue. 79 Am.Jur.2d,Wills, § 575 (1975). This revocation of a woman's will by operation of law — sometimes referred to as "implied revocation" — was based upon ancient common law reasoning. Because revoking the will was equivalent to making a will, and, because a woman lacked the power to make a will during coverture, a will made by her prior to her marriage would be irrevocable during coverture unless her marriage operated as a revocation by operation of law. Francis v. Marsh, 54 W. Va. 545,46 S.E. 573 (1904); Kelly v. Stevenson, 85 Minn. 247,88 N.W. 739 (1902); and Roane v. Hollingshead, 76 Md. 369, 25 A. 307
(1892). See also Osgood v. Bliss, 141 Mass. 474, 6 N.E. 527
(1886) (Marriage divests a woman of power to revoke her will and, thus, destroys its ambulatory character).
With the enactment of the English Statute of Wills, the law was changed to provide that "every will made by a man or woman
shall be revoked by his or her marriage." (1 Vict. c. 26). (Emphasis added.) The rationale generally given for this statute, and statutes patterned after it, is that a marriage, whether by a man or woman, was such a change in circumstances that the statute presumed an intention to change or revoke the will on account of new moral duties and obligations accruing upon marriage.
It is not without importance to note here that the Alabama Constitution of 1868 provided for the first time:
 The real and personal property of any female in this state, acquired before marriage, and all property, real and personal, to which she may afterwards be entitled by gift, grant, inheritance, or devise, shall be and remain the separate estate and property of such female, and shall not be liable for any debts, obligations and engagements of her husband, and may be devised or bequeathed by her, the same as if she were a femme sole. (Emphasis added.) Art. XIV, Section 6.
This provision can be found presently in the Alabama Constitution of 1901, Art. X, § 209, and in § 30-4-13, Ala. Code 1975, which specifically provides that a married woman may dispose of her separate property by last will and testament.
From all that appears, the only limitation imposed in this State on a female in *Page 877 
the devise or bequest of her property, other than limitations which apply equally to males, is found in § 43-1-8, the statute here in question. While the general rule — that it is the inherent right of every sovereign state to regulate the alienation, devise or descent of real estate within its borders — has been accepted by this Court (Phillips v. Phillips,213 Ala. 27, 104 So. 234 (1925)), there can be no doubt that the regulations placed on the alienation of property must pass Constitutional muster. Peddy v. Montgomery, supra. As to the particular statute in question, Parker v. Foreman, 252 Ala. 77,39 So.2d 574, 9 A.L.R.2d 505 (1949), quoting from a California case, states:
 "`It is as useless to conjecture the motives that may have governed the legislature in singling out an unmarried woman as the only person whose will shall be affected by her subsequent marriage, as it is to conjecture why there should be a difference in the effect of a subsequent marriage upon a will executed by an unmarried man and upon one executed by an unmarried woman.'" Parker v. Foreman at 79-80, 39 So.2d at 577.
But even in Parker v. Foreman, supra, this Court pointed out that, while statutes do not depend upon reason for their force and vigor, the statute must not violate constitutional restrictions. The constitutionality of this statute was not considered by the Court in Parker v. Foreman, supra.
The historic reason for holding that marriage by a woman revokes her previously executed will is no longer valid. As noted above, Alabama law is clear that a married woman has both the capacity and the power to devise and bequeath her separate estate. Therefore, the theory that a woman's will must be considered revoked at the time of her marriage or be held irrevocable for lack of capacity to make or revoke wills during her marriage is without logic. To say that a woman's marriage is such a change in circumstances as to cause a woman's earlier will to be invalid, without treating a male's marriage as a similar change of circumstances, is likewise without logic or reason.
Admittedly, the mere statement that the statute in question is no longer backed by logic or reason is not sufficient to hold the statute unconstitutional. What is involved here, however, is a statute that clearly and impermissibly treats females differently from males; and, therefore, it cannot be sustained. Our conclusion is based upon the authority of Peddyv. Montgomery, supra.
In Peddy, Ms. Justice Shores wrote ". . . the issue is reduced to whether it [the statute preventing a woman from alienating or mortgaging her own property without her husband's consent] is constitutionally permissible when its effect is to treat married women, in dealing with their separate property, different from all other adult persons." The Statutory provision in the instant case is as violative of constitutional protection as the statutory provision brought into question inPeddy. Under § 43-1-8, only a woman's will is invalidated by her marriage. In his dissent in Peddy, Mr. Justice Almon, joined by Mr. Justice Bloodworth, noted four types of cases which would discriminate based on sex, and, thus, be violative of equal protection. The fourth category are cases which discriminate for the purpose of preserving "old notions" as to relationships between men and women. Surely, the statute in question is one which merely preserves "old notions" of the law which are no longer supported by reason. Under the modern interpretation of equal protection provided by our own State Constitution and the United States Constitution, that portion of § 43-1-8 here under attack must be held invalid.
The invalidation of that portion of the statute which provides for the revocation of a woman's will by her marriage does not mean a return to the common law rule which is of the same effect. Our State law is clear that a woman over the age of 19 and of sound mind, whether married or unmarried, has the capacity to make a devise of her realty or bequest of her personalty. This case, therefore, is due to be reversed; and, upon remand, the Probate Court is instructed to allow Appellant's application for probate of the Will of Vivian Mae Waters. *Page 878 
We are constrained to make the following concluding comment: Nothing contained in this opinion should be construed as abridging the legislative authority or prerogative to pronounce through legislative enactment the public policy of this State relative to the effect of marriage upon a previously executed will as long as the constitutional mandate of equal protection is not violated.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., dissent.
[1] § 30-4-12, Ala. Code 1975.