## SUPREME TENT, KNIGHTS OF THE MACCABEES OF THE WORLD, Plaintiff, v. ALTMANN, Respondent; EMMERICH, Appellant.

### St. Louis Court of Appeals, December 15, 1908.

1. **INSURANCE: Fraternal Beneficiary Associations: Change of Beneficiary.** Under section 1417, Revised Statutes 1899, the holder of a benefit certificate in a fraternal beneficiary association has the right to designate a new beneficiary, and the fact that the first beneficiary holds possession of the certificate and pays dues on it does not prevent such new designation, because a beneficiary has no vested interest in the certificate.

2. ———: ———: ———: Amendment of By-Laws. One section of the by-laws of a fraternal beneficiary association gave to members a general right to change the beneficiary without exception or restriction, and another section restricted the right of designating a new beneficiary when a wife or a child is named as such. Subsequently the order adopted a new code in which the latter section was left out. *Held*, this was a repeal of such section so that the power to change a beneficiary was unqualified.

3. ———: ———: ———. Where the holder of a benefit certificate in such an association did all he could to comply with the requirements of the by-laws of the association in making the change of his beneficiary, equity will carry out his intention and deem that done which should have been done by awarding the fund to the new beneficiary which he sought to designate. Where one rule of the by-laws was that he should surrender the certificate and receive a new one and he could not obtain such certificate because withheld by the first beneficiary, this did not prevent such new designation from taking effect so that the new beneficiary was entitled to the proceeds of the certificate.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

REVERSED AND REMANDED (*with directions*).

*Warren D. Isenberg* and *Frederick H. Bacon* for appellant.

(1) It is elemental law that a member of a fraternal beneficiary society, such as the plaintiff in this case, has a right to change the beneficiary at will. The beneficiary has no vested rights, even if she pays the assessments, and it is immaterial what relationship the beneficiary sustains to the member. The right of change is unrestricted, except by contract. 1. The right is conferred by statutes of this State. R. S. 1899, sec. 1417. 2. The right to change is reserved by the terms of the contract. The change takes effect in the case of a lost certificate upon the delivery of the affidavit of loss and the request of change to the record keeper. This rule is recognized by the society. Westerman v.

Supreme Lodge, K. of P., 196 Mo. 670, 94 S. W. 370. (2) The general rule is that where a change of beneficiary is permitted by the by-laws of the association, and the member has done all he could to comply with the requirements of the by-laws, equity will carry out his intention and award the fund to the new beneficiary, even though no new benefit certificate has been issued. Supreme Conclave, Royal Adelphia v. Cappella, 41 Fed. 1; Isgrigg v. Schooley, 125 Ind. 94, 25 N. E. 151; Hirschl v. Clark, 81 Ia. 200, 47 N. E. 78; Schmidt v. Iowa K. of P., 82 Ia. 304, 47 N. W. 1032; National Association v. Kirgin, 28 Mo. App. 80; Police Relief Association v. Strode, 103 Mo. App. 709; Hofman v. Grand Lodge, 73 Mo. App. 56. Every effort must be used to make all acts consistent, and the later act will not operate as a repeal of the earlier one if, by any reasonable construction, they can be reconciled. State ex rel. v. Macon Co., 41 Mo. 453. Where the laws of the association prescribe a method for changing the beneficiary, such method is exclusive and must be strictly followed. Coleman v. K. of H., 18 Mo. App. 189; Head v. Sup. Council, 64 Mo. App. 212; Wallace v. Bankers Assn., 80 Mo. App. 102; Flowers v. Sovereign Const., 90 S. W. 526; Abbott v. Sup. Colony, 190 Mass. 67; Holland v. Taylor, 111 Ind. 121; Niblack on Benefit Ins., sec. 215; Stephenson v. Stephenson, 64 Ia. 534. Where assent of the association to a change of beneficiary is required by its laws, a change cannot be accomplished without such assent. Bacon on Ben. Soc., sec. 298; Nat. Mut. Aid Soc. v. Luphold, 101 Pa. St. 111; A. O. U. W. v. O'Malley, 114 Mo. App. 205; Marsh v. Supreme Council, A. L. of H., 149 Mass. 512, 21 N. E. 1070, 4 L. R. A. 382. (3) In this case Altmann did all things required by the laws of the order for a change of beneficiary. The laws prescribed no form of affidavit; and, therefore, any kind of affidavit setting forth the intent of the member, and the fact

that the benefit certificate was beyond the control, would be sufficient. Benevolent Association v. Bunch, 109 Mo. 560. (4) The code of laws of 1904 was an absolute revision, and as is shown by the evidence a practically new code. It was a substitute for all previous existing laws, and repealed all former laws, including the section 517 of the Laws of 1901, relied on by respondent. Insurance Co. v. Anthony, 68 Mo. App. 428.

*Walther & Muench* for respondent.

Repeals by implication are not favored and will not be indulged in unless it is manifest that the Legislature so intended. State v. Jaeger, 63 Mo. 410; St. Louis v. Insurance Co., 47 Mo. 146; Railroad v. Cass Co., 53 Mo. 29; Lamar v. Adams, 90 Mo. App. 35. A general clause, "repealing all acts or parts of acts inconsistent therewith," extends only to those acts on the same subject or parts of such acts clearly inconsistent and irreconcilable with the provisions of the repealing act and only to the extent of the conflicting provisions. 26 Am. and Eng. Ency. Law, pp. 719, 722; Herman v. Plummer, 20 Wash. 363.

STATEMENT.—Interplea between Anna Altmann, wife of Gustav Altmann, Antonia Emmerich, his mother, for the proceeds of a beneficiary certificate of insurance issued to said Gustav Altmann, by the Supreme Tent, Knights of the Maccabees of the World, a fraternal beneficiary association, incorporated under the laws of the State of Michigan and authorized to do business in Missouri. The facts are that there was due to Gustav Altmann, or his beneficiary on his death, February 6, 1907, the sum of $857.14. This sum, by the consent of all parties to the proceeding, was paid into court by the association, and Anna Altmann and Antonia Emmerich, rival claimants for the fund, were permitted to interplead there-

for. Anna Altmann, wife of Gustav Altmann, was named as beneficiary in the certificate of insurance and the fund belongs to her, unless Gustav Altmann changed his beneficiary to his mother, in accordance with the by-laws of the association. The evidence shows that Gustav Altmann delivered the certificate to his wife at or about the time of their marriage, and that she retained it and had it in her possession at the time of her husband's death, and had never been requested by her husband to surrender it to him. The evidence also shows that from the time she received the certificate she paid the dues and assessments levied against her husband by the association. Gustav Altmann was a consumptive and was an invalid for two or three years before his death, and it seems he and his wife lived apart from each other and that he either brought suit, or was contemplating bringing suit against her for divorce.

The evidence shows that at the expiration of each four-year period, the association amended its by-laws and promulgated a new code of laws. Such a code was adopted and promulgated in 1901 and also in July, 1904. In respect to the designation of a new beneficiary, the codes of 1901 and 1904 contain the following by-laws.

"Sec. 359. *Change of Beneficiary.*—A member desiring to change the beneficiary in his life benefit certificate shall surrender his old certificate, make a written request in the form provided on such certificate directing that a new certificate be issued to him payable to such beneficiary or beneficiaries as he may designate in accordance with the laws of the association, and deliver such certificate with the request for change and a fee of fifty cents to the record keeper of his tent.

"Sec. 360. *Issue of New Certificate.*—The record keeper shall forward such certificate, the request for change, and the fee therefor to the supreme record keeper, who shall thereupon issue a new certificate to

such member, bearing the same number as the one surrendered, if the request is in accordance with the laws of the association and all other conditions have been complied with.

"Sec. 361. *Lost Certificate.*—When a life benefit certificate is lost or is in the possession of the beneficiary, or any other person who refuses to deliver it to the member, such member, in order to change his certificate, shall make affidavit setting forth the facts and deliver the same with his request for change and a fee of fifty cents to the record keeper of the tent, who shall forward them to the supreme record keeper.

"Sec. 362. *When Change of Beneficiary Takes Effect.*—The change of beneficiary shall take effect upon delivering to the record keeper of a tent the life benefit certificate, or the proof of loss, if the certificate is lost, with the written request for change thereon, as provided in the laws of the association, and the fee of fifty cents."

The following section appears in the code of 1901 but was omitted from the code of 1904:

"Section 517 (Revised Laws, Edition of 1901). A member whose certificate is made payable to his wife or dependent children, shall not have the right to designate any other beneficiary or beneficiaries, except that he may change from wife to such children, or from such children to wife, or from wife and such children to wife or such children, except upon cause shown to the supreme commander and supreme record keeper."

Section 569, of the code of 1904, provides: "All laws, rules and regulations of the association heretofore existing and in conflict with the foregoing laws are hereby repealed."

On November 20, 1906, Gustav Altmann made the following application to change his beneficiary:

"SUPREME TENT.

*"Application for New Certificate of Membership in the*
*Knights of the Maccabees of the World.*

*"State of Missouri, City of St. Louis, ss.*

"Gustav Altmann, being first duly sworn, deposes
and says that he is a member in good standing in American Tent, No. 45, K. O. T. M., that his Beneficial Certificate, No. 14965 has been kept from him, and is now
in the possession of his wife Anna Altmann. That she
was named as beneficiary therein, and that she refuses
to deliver it to this affiant member. That he has not
lived with her for about two years, they being separated,
and that he hereby applies for a New Certificate to take
the place of same. In consideration of such New Certificate being issued and made payable to Antonia Emmerich, his mother, he hereby releases the Supreme
Tent, Knights of the Maccabees, from all liabilities under the said original Certificate.

"GUSTAV ALTMANN.

"Subscribed and sworn to before me, the subscriber,
this twentieth day of November, 1906.

(Seal of Notary Public.)

"ALBERT C. HAUMUELLER,

"Notary Public."

"My commission expires November 18, 1910.

"This is to certify that Gustav Altmann is a Beneficial Member of American Tent or Hive, No. 45, K. O.
T. M.; that he is in good financial standing, having paid
all dues and assessments to date thereof.

"CHAS. H. OBROCK,

"Record Keeper."

This application was delivered to the record keeper
of Altmann's local tent, to whom he also paid the fee
of fifty cents. The record keeper of the local tent
forwarded the application and fee to the record keeper

134 App—24

of the supreme tent at Port Huron, Michigan, the home office of the association, who acknowledged the receipt of both but the new certificate applied for was not issued. It seems some one interposed some objection or protest to the issuing of a new certificate and this protest was sent to the home office, on account of which the issuance of the new certificate was held up and the matter referred to the supreme counsel or for his opinion. No further action was taken prior to Altmann's death.

The court to whom the issues were submitted rendered a decree awarding the fund to interpleader Anna Altmann.

BLAND, P. J.—1. The right of the holder of a benefit certificate of insurance, issued by a fraternal, beneficiary association, to designate a new beneficiary is not only provided for by the by-laws of the Maccabees but is secured by section 1417, Revised Statutes 1899. The provisions of this section renders nugatory the fact that Anna Altmann had the certificate in her possession and paid the dues thereon. Having no vested interest in the certificate, the payment of the dues by her gave her no right or equity as beneficiary, therefore, it is of no influence in the proper determination of the rights of the interpleaders for the fund that she paid the assessments and dues to the association. Altmann, the insured, had the right, under the laws of 1904, of the association, to change his beneficiary from his wife to his mother, provided section 517, laws of 1901, was not in force at the time he made the application for the change, for if this section was in force, it prohibited him from making the change and his attempt to do so was ineffectual. Section 517, Laws of 1901, as above-stated, was not carried over into the code of 1904, therefore, the question in the case is whether or not section 517, of the code of 1901, was repealed by section 569, of the code of 1904. Re-

peals by implication are never favored, and the general clause repealing all inconsistent acts or parts of acts extends only to those acts on the same subject and repeals only such of them as are inconsistent with it, that is, such acts as the legislative body manifestly intended to repeal. Section 359, providing that a change of beneficiary may be made by a member, is general and grants the right without exception or restriction. This section appears in identically the same form in both the codes of 1901 and 1904. Section 517, code of 1901, restricts the right of designating a new beneficiary, when a wife or child is the beneficiary named, and might have been appended to section 359 as a proviso or exception, for its effect is to restrict the general power granted by this section, when a wife or child is designated as beneficiary in the certificate sought to be changed, and we have no doubt that the legislative body of the association intended to do away with this restriction when it adopted the code of 1904. We think section 517 is inconsistent with section 359, for the reason the latter section confers an unqualified power on the member to change his beneficiary. If section 517 is not repealed then the unrestricted power conferred by section 359 becomes, not what the section enacts, an unqualified power, but a power to which there is a very material exception.

2. Being possessed of the power, did Altmann exercise it in the manner required by the by-laws of the order, is the next and final question to be answered. The laws of the association prescribed no particular form of application to be made by a member wishing to change his beneficiary. He is required by the by-laws to surrender his old certificate and make a written request for the change. Section 361 provides, in substance, that when the certificate is lost or in the possession of the beneficiary, or any other person who refuses to deliver it to the member, the member shall

make an affidavit setting forth the facts. The certificate was in the possession of Altmann's wife and he made the affidavit in compliance with the requirements of section 361, and otherwise complied with the laws in respect to the designation of a new beneficiary. Section 362 provides that the change of beneficiary shall take effect upon the delivery to the record keeper of a tent the life benefit certificate, or proof of the loss of the certificate, with the written request for a change thereof. All this was done. This section is an affirmance of the well-settled doctrine in such cases, namely, that when a change of beneficiary is permitted by the laws of the association and the member does all he can to comply with the requirements of the laws, equity will carry out his intentions and deem that done which should have been done and award the fund to the new beneficiary, though the association for any reason failed, neglected or refused to issue the new certificate. [Paul v. Draper, 73 Mo. App. 567; National American Assn. v. Kirgin, 26 Mo. App. 80; Grand Lodge A. O. U. W. v. O'Malley, 114 Mo. App. l. c. 205.] Anna Altmann testified that she was never requested to surrender the certificate to her husband, or any one else, and it is contended that this evidence shows Gustav Altmann did not comply with the laws of the association in his effort to have a new certificate issued. The certificate was not in his possession and it is a fair inference, from the evidence, that his wife would not have surrendered it to him had he requested her to do so, and we think he substantially complied with section 361, in making his request for a new certificate. We think under all the evidence and on the undisputed evidence, Antonia Emmerich, the mother of Gustav Altmann, is entitled to the fund. Wherefore the judgment is reversed and the cause remanded with directions to the circuit court to enter its decree awarding the fund to Antonia Emmerich. All concur.