(102 So. 38)
**McDONALD et al. v. McDONALD.**
(6 Div. 148.)

(Supreme Court of Alabama. Oct. 30, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Interpleader ⬥39—Statute authorizing interpleader permits substitution of more than one claimant.**

Code 1907, § 6050, providing for interpleader, permits substitution of more than one claimant at least where their claims are derived from common source, though statute uses singular number; section 1 providing that singular includes plural.

**2. Jury ⬥13(19)—No right to jury trial in statutory interpleader.**

Statutory interpleader being an innovation on the common law, no right of trial by jury

exists in absence of express provision therefor.

**3. Interpleader ⊚☞12 — Interpleader properly allowed insurance company though controversy accrued from company's refusal to change beneficiary of policy.**

Where controversy over proceeds of insurance policy arose out of failure of company to substitute substituted defendants as beneficiaries at request of insured without production of policy, rule that interpleader will not be allowed where claim of substituted defendant arose out of wrong of original defendant did not apply.

**4. Insurance ⊚☞587—By interpleading, insurance company waived, as to its interests, requirements of policy as to change of beneficiary.**

Where insurance company, who had not changed beneficiaries at request of insured because policy was not presented, paid fund into court for adjudication between beneficiary named and those sought to be named by insured, company, as to its interests, waived requirements of policy as to change of beneficiary.

**5. Insurance ⊚☞586 — Insurance company's waiver of requirements for change of beneficiary could not impair "vested" right of true beneficiary.**

Waiver by insurance company of policy's requirements for change of beneficiary could not impair any right of true beneficiary which vested upon death of assured, "vested" meaning, in this connection, right according to law to proceeds of policy, which could not be destroyed, impaired, or divested by any authority whatever.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vest.]

**6. Insurance ⊚☞586—Interest in policy vests in named beneficiary at death of insured, unless beneficiary changed in legal effect.**

Interest of named beneficiary of policy becomes vested at death of insured, if beneficiary has not been changed in fact or legal effect.

**7. Insurance ⊚☞587 — Insured entitled to change of beneficiary at time of, or within reasonable time after, written request.**

Where insured in writing requested company to change beneficiary of policy, immediately, or at least after reasonable time, with no reason forthcoming why change should not be made, insured was entitled to change, and substituted beneficiaries were entitled to proceeds, though change was not made.

**8. Insurance ⊚☞587 — Sufficient to allege as excuse for insured's failure to produce policy for indorsement of change of beneficiary thereon that named beneficiary had possession.**

In controversy over proceeds of policy between named beneficiary and children of insured whom he sought to have substituted as beneficiaries, it was sufficient for latter to allege, as excuse for insured's failure to produce policy for indorsement of change thereon, that named beneficiary had possession of it, insured being prima facie entitled to such possession.

**9. Interpleader ⊚☞16 — After interpleader court may decide right to money on principles of law and equity relating to right to money.**

Where, under Code 1907, § 6050, order for interpleader is made and money in controversy deposited in court, court may dispose of it on principles recognized in courts of law and equity in respect to right to money, without resort to equitable process.

**10. Appeal and error ⊚☞870(2)—Order denying transfer to other side of court, assignable as error.**

Though not specifically authorized by Gen. Acts 1915, p. 830, which authorize assignment of error on order transferring the cause to other side of court, order denying transfer may be assigned as error on appeal from final judgment of court in which order is made.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Suit on policy of life insurance by Emma C. McDonald against the Fidelity Mutual Life Insurance Company, with interpleader by defendant, and Kenneth M. McDonald and Aleta McDonald Berry interpose as claimants. From a judgment for plaintiff, claimants appeal. Reversed and remanded.

Black, Harris & Foster, of Birmingham, for appellants.

The short method for interpleader applies when the facts would authorize relief in equity. Code 1907, § 6050; Stewart v. Sample, 168 Ala. 270, 53 So. 182; Nelson v. Goree's Adm'r, 34 Ala. 565; Johnson v. Maxey, 43 Ala. 521; Jackson v. Jackson, 84 Ala. 343, 4 So. 174; Id., 91 Ala. 292, 10 So. 31; Crass v. M. & C., 96 Ala. 447, 11 So. 480. Plaintiff had no vested interest in the policy. Ellis v. Fidelity Co., 163 Iowa, 713, 144 N. W. 574, L. R. A. 1015A, 109; Hicks v. N. W. Co., 166 Iowa, 532, 147 N. W. 883, L. R. A. 1915A, 872; Union Mutual Co. v. Montgomery, 70 Mich. 587, 38 N. W. 588, 14 Am. St. Rep. 519; Sup. Conclave v. Capella (C. C.) 41 Fed. 1; Holden v. Modern Brotherhood, 151 Iowa, 673, 132 N. W. 329; O'Donnell v. Metropolitan, 11 Del. Ch. 4, 95 A. 289. Failure of assured to comply with provisions of the policy as to change of beneficiary was waived by the company. K. of M. v. Sackett, 34 Mont. 357, 86 P. 423, 115 Am. St. Rep. 532; John Hancock Co. v. Bedford, 36 R. I. 116, 89 A. 154; John Hancock Co. v. White, 20 R. I. 457, 40 Atl. 5; Modern Brotherhood v. Matkovitch, 56 Ind. App. 8, 104 N. E. 795. Equity will regard that as done which ought to be done; the change of beneficiaries will be considered, as effected. Jory v. Sup. Council, 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; Isgrigg v. Schooley, 125 Ind. 94, 25 N. E. 151; Supreme Tent v.

Altman, 134 Mo. App. 363, 114 S. W. 1107; Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554; Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601; Mut. L. I. Co. v. Lowther, 22 Colo. App. 622, 126 P. 882; Voight v. Kersten, 164 Ill. 314, 45 N. E. 543; Kiolbassa v. R. C. Union, 141 Ill. App. 297; Grand Lodge v. Child, 70 Mich. 163, 38 N. W. 1; St. Louis v. Strode, 103 Mo. App. 694, 77 S. W. 1091; Walsh v. St. Louis U. Co., 148 Mo. App. 179, 127 S. W. 645; Henderson v. Modern Woodmen, 163 Mo. App. 186, 146 S. W. 102; Polish Nat. All. v. Nagrabski, 71 N. J. Eq. 621, 64 A. 471; Klee v. Klee, 47 Misc. Rep. 101, 93 N. Y. S. 588. If there is a fair presumption the wife would not have surrendered the policy, demand upon her was unnecessary. Supreme Tent v. Altman, supra; O'Donnell v. Metropolitan Co., supra. Insured can make change of beneficiary without indorsement by the company upon the policy. Vanasek v. Western, 122 Minn. 273, 142 N. W. 334, 49 L. R. A. (N. S.) 141, Ann. Cas. 1914D, 1123.

Harsh, Harsh & Harsh and Frank S. White & Sons, all of Birmingham, for appellee.

There was no error in sustaining demurrer to appellants' claim; interpleader was not authorized. Conley v. Ala. Gold. L. I. Co., 67 Ala. 472; Crass v. M. & C., 96 Ala. 447, 11 So. 480. There is no provision for substitution of more than one claimant. Code 1907, § 6050; Code 1923, § 10390; Coleman v. Chambers, 127 Ala. 615, 29 So. 58. The law court was not authorized to apply principles of equity jurisdiction. 2 Story's Eq. Jur. (14th Ed.) § 1118; Anderson v. Red Metal Min. Co., 36 Mont. 312, 93 P. 44; Hamlyn v. Betterley, 6 Q. B. D. 63; Maginnis v. Schwab, 24 Ohio St. 336; Bank v. Beebe, 62 Ohio St. 41, 56 N. E. 485; Duke of Bolton v. Williams, 2 Ves. Jr., 15; Langston v. Horton, 3 Beav. 462; Hurst v. Sheldon, 13 Comm. B. (N. S.) 143 Eng. Rep. 297. Upon death of the insured the beneficiary acquired a vested interest in the proceeds of the policy. 14 R. C. L. 1396; 2 Joyce on Ins. 1699; Bacon on Benefit Soc. (3d Ed.) § 307; Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; N. Y. Life Co. v. Murtagh, 137 La. 760, 69 So. 165; McLaughlin v. McLaughlin, 104 Cal. 171, 37 P. 865, 43 Am. St. Rep. 83; 4 Cooley's Briefs, 3773; Faubel v. Eckhart, 151 Wis. 155, 138 N. W. 615, 49 L. R. A. 737 note; Jones v. Jones, 23 Pa. Co. Ct. R. 254; Grand Lodge v. Martin, 118 Me. 409, 108 A. 335; Nat. Mut. Aid. Soc. v. Lupold, 101 Pa. 111; Sargent v. Hancock Co., 49 Pa. Super. Ct. 239; Ind. Order v. Kiliker, 36 Or. 501, 59 P. 324, 1109, 60 P. 563, 78 Am. St. Rep. 785; Woodmen v. Headle, 88 Vt. 37, 90 A. 893, L. R. A. 1915A, 580; Wendt v. Iowa Leg. Honor, 72 Iowa, 682, 34 N. W. 470; Brown v. Ancient Order of United Workmen, 208 Pa. 101, 57 A. 176. Assured cannot change the bene-

ficiary named in an old line life insurance policy without complying with the provisions of the policy. Sheppard v. Crowley, 61 Fla. 735, 55 So. 841; Ind. Nat. L. I. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; Arnold v. Empire Co., 3 Ga. App. 685, 60 S. E. 470; Johnson v. N. Y. Life, 56 Colo. 178, 138 P. 414, L. R. A. 1916A, 868; N. Y. Life v. Murtagh, 137 La. 760, 69 So. 165; 4 Cooley's Briefs, 3767; Bacon, 432; 1 Sugden on Powers, 250; Metropolitan Co. v. Clanton, 76 N. J. Eq. 4, 73 A. 1052; Tillman v. Hancock Co., 27 App. Div. 392, 50 N. Y. S. 470; Sangunitto v. Goldey, 88 App. Div. 78, 84 N. Y. S. 989; Lloyd v. Royal Union (D. C.) 245 F. 162. Appellants' claim to the fund is not established by the facts averred. Woodmen v. Headle, supra; Sup. Council v. Murphy, 65 N. J. Eq. 60, 55 A. 497. Plaintiff's possession of the policy is consistent with an assignment of the proceeds. 14 R. C. L. 1389; Madeira's Appeal (Pa.) 4 A. 908; Chapman v. McIlwrath, 77 Mo. 38, 46 Am. Rep. 1; Hewins v. Baker, 161 Mass. 320, 37 N. E. 441; Leaf v. Leaf, 92 Ky. 166, 17 S. W. 354, 854; 25 Cyc. 767; Piedmont, etc. Co. v. Young, 58 Ala. 476, 29 Am. Rep. 770; Murphy v. City Nat. Bank, 210 Ala. 375, 98 So. 288. There was no error in refusal to transfer the cause to equity. Fountain v. State, 211 Ala. 586, 100 So. 892; Pearson v. Birmingham, 210 Ala. 296, 97 So. 916; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873; Aust v. Farm L. Co., 209 Ala. 669, 96 So. 872.

SAYRE, J. Appellee brought her action at law against the Fidelity Mutual Life Insurance Company on a policy of life insurance. The insured was plaintiff's (appellee's) husband at the time of his death; but she was his second wife, and the policy had been purchased during the life of the first wife who was then named therein as beneficiary. It provided as follows:

"The insured, upon presentation of this policy for proper indorsement, may, with the written approval of the president or vice president, and while this policy is in force, change the beneficiary hereof. Such change shall take effect upon the indorsement of the same on the policy by the company."

In pursuance of this provision, after the death of the first wife and after the marriage of plaintiff and the insured, the policy was changed and plaintiff was named therein as sole beneficiary, and so the policy read at the death of insured. Meantime insured and appellee, his second wife, became estranged, separated, and at the time of his death his bill for divorce and her claim for alimony were pending. In the meantime, also, insured notified the company of his desire and intention to have the names of his son and daughter by his first wife substituted in the policy as beneficiaries and by his attorneys

requested—such is the effect of his communication to the company—that the change be made, but was unable to present the policy for the company's indorsement to that effect, because it was in the possession of the plaintiff in this cause, and it was therefore impossible for him to present the policy to the company. To this, so far as appears by the record, the company made no response; and so the policy remained without further change until the death of insured some months afterward. Before issue joined in plaintiff's suit, defendant insurance company filed an interpleader suggesting that Kenneth M. McDonald and Aleta McDonald Berry, son and daughter of insured, individually and as administrator and administratrix of his estate, claimed the money due on the policy, and paid the amount thereof into court with a prayer that said claimants be given notice, and that it be discharged of all further liability in the premises. Claimants interposed their claim in two aspects, to wit: They claimed the fund in court as beneficiaries under the policy; they claimed it "as executors of the will of Thomas C. McDonald, deceased," alleging themselves to have been so appointed by the probate court of Jefferson county. Plaintiff demurred to each claim, alleging various and sundry objections thereto, after which claimants moved the court to make an order transferring the cause to the equity side of the court for further consideration. Plaintiff's demurrer was sustained, the motion to transfer the cause was overruled, and, claimants having nothing further to say, judgment was rendered for plaintiff. Claimants, individually and as executors, have appealed.

The facts have been stated as they appear in the pleadings. If it appeared from the pleadings that a case proper for interpleader was not presented—which is to say that the interpleader conferred no jurisdiction on the court—or that clearly plaintiff was entitled to the fund, there was, after claimants declined to plead further, no course open to the court but to render judgment for plaintiff.

[1, 2] In limine appellee (plaintiff) insists that the pleadings made no proper case for interpleader because the statute does not authorize the substitution of more than one claimant, and it is suggested that the language of the statute (section 6050 of the Code of 1907), only authorizes a defendant to make affidavit "that a person * * * claims the money in controversy" and provides means of bringing in "such person." To this objection the first section of the Code provides a sufficient answer: "The singular includes the plural." But it is urged that, if as many as two intervening claimants are authorized under the statute, there may as well be a dozen, and it is said, obviously, endless confusion would follow in a trial by jury where a plurality of claims are presented, and so that the right of trial by jury would be seriously impaired. In the first place this proceeding is an innovation upon the common law, and, no provision for trial by jury being expressed, it may safely be denied that the right exists. 15 R. C. L. 237, § 19; Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798, note 801. But aside from this, appellee's suggestion, in the form given it, is arbitrary and devoid of merit. There is no like suggestion in the authorities on the subject. The statute provides a short method of accomplishing the purposes of a bill of interpleader in equity, and applies when the facts would authorize relief in equity. Stewart v. Sample, 168 Ala. 274, 53 So. 182, and cases there cited. One essential condition of a bill of interpleader is that all adverse titles or claims must be dependent or derived from a common source. Id. There must be privity of some sort between all the parties, and the claims should be of the same nature and character. 15 R. C. L. 224. "In cases of adverse independent titles or demands, not derived from a common source, but each asserted as wholly paramount to the other, the party holding the fund or other thing in dispute must defend himself as well as he can, against each separate demand, and a court of equity will not grant him relief on a bill of interpleader." 15 R. C. L. 224. So this court held in the early case of Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592. It is said in the more recent authorities to be "questionable, however, whether the doctrine of privity, commonly recognized in respect of bills of interpleader, applies to the statutory interpleader." Northwestern Ins. Co. v. Kidder, 162 Ind. 382, 70 N. E. 489, 66 L. R. A. 89, 1 Ann. Cas. note p. 513; 15 R. C. L. 236. However that may be, this requirement is not offended against in the present case. There are two claimants, and they claim alternatively—such is the effect of the two claims filed—as individuals and as executors of the insured; but each claim in the same right as the other; they claim in a common right under the policy issued by defendant on the life of T. C. McDonald.

[3] Nor do the pleadings show that the claims of the substituted defendants arose out of any wrong of the original defendant, in which event interpleader would not be allowed. The pleadings disclose that the controversy has arisen out of the fact that the insured was unable to procure the substitution of the names of his children, the claimants, by reason of the fact that plaintiff had possession of the policy, whereas, for aught appearing, insured was entitled to such possession. This was no fault of original defendant which then had a right under its contract, reasonably construed, to insist upon the production of the policy, or, according to the authorities to which we shall refer, a showing that such production was without

the power of insured, as a condition to a formal change of beneficiary—this to save itself perchance from the annoyance of such complications as have arisen in this case.

The trial court appears to have proceeded upon the theory that, since the policy at the death of insured in terms and on its face was payable to appellee, the definitely expressed will of insured that appellants be substituted as beneficiaries—of which the insurance company had formal notice, though the policy was not produced—availed nothing, and the contract of insurance remained in legal effect unchanged. In this we think the court erred.

[4] In the first place, had the contract been changed for the benefit of appellants in such sort that a court of equity would recognize and enforce their rights? It may be conceded that the insurance company had a right to stand upon the letter of its contract so far as the provisions thereof affected its interests until a change was made according to the method stipulated in the policy or until proof was forthcoming that it was without the power of the insured to comply in some respects with its stipulations. The provisions of the policy requiring presentation of the policy, the consent of the company to a change of beneficiary, and that such change should take effect upon the indorsement of the same on the policy by the company, might, as matter of course, to the extent they affected its interests, be waived, and were waived when the defendant company brought the fund into court for an adjudication between the plaintiff and appellants as to the merits of their respective claims. These propositions are fully sustained by the authorities cited in appellants' brief. Knights of Maccabees v. Sackett, 34 Mont. 357, 86 P. 423, 115 Am. St. Rep. 532; John Hancock Mutual Life Ins. Co. v. Bedford, 36 R. I. 116, 89 A. 154; O'Donnell v. Metropolitan Life Ins. Co., 11 Del. Ch. 4, 95 A. 289; Modern Brotherhood v. Matkovich, 56 Ind. App. 8, 104 N. E. 795; John Hancock Mutual Life Ins. Co. v. White, 20 R. I. 457, 40 A. 5. Others might be added. Thus on page 3772 of 4 Cooley's Briefs on Insurance it is said that:

"The rule requiring the surrender of the old certificate, and indeed most of the rules of procedure in effecting a change of beneficiaries, are intended only for the benefit of the association, and may therefore be waived by it," and numerous cases are there cited.

The cases referred to for the most part arose out of policies in mutual benefit societies; but where, as here, the insured in an old-line company has in the terms of his contract the express right to make a change, no reason occurs to us why the rule should be different. Mutual Life v. Lowther, 22 Colo. App. 622, 126 P. 883.

[5, 6] But, of course, such waiver could not impair any right of the true beneficiary which became vested upon the death of the insured. Vested, in this connection, must mean that appellee had a right to the proceeds of the policy according to the law of the land, a right which could not be destroyed, impaired, or divested by any authority whatever. According to Judge Thomas M. Cooley:

"A right cannot be considered a vested right unless it is something more than such a mere expectancy as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of property." 40 Cyc. 199.

As we have said in effect, the interest of the named beneficiary in a policy of insurance providing for a change of beneficiary at the will of the insured is a mere expectancy. The named beneficiary in such a policy has no vested interest during the life of the insured—4 Cooley's Briefs, p. 3755. But the right of the named beneficiary, no change having been made in fact or legal effect, becomes fixed, vested, at the death of the insured, and it is freely conceded that such right cannot be affected by any subsequent acts of the insurance company. Payment of the fund into court for the benefit of the party who may be declared to be entitled to it in no way improves or prejudices the legal position of either the original or substituted beneficiary as that position was at the death of the insured. L. R. A. 1915A, 580.

[7, 8] But the question recurs: What was the true content of the contract at the death of the insured, if that content may be evidenced by the intent of the insured, as that intent, under the facts in evidence, must be presumed to have affected the concurrence of the company? Appellee's contention comes to this: That the face of the policy at that time must be taken as conclusive. On the one hand, insured had the right to change the beneficiary—an absolute right according to some authorities, of which we may cite Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554, but we think it should be conceded at least that equities may arise in favor of the named beneficiary which would deny such right, as, for example, the insured may, for valuable consideration, estop himself from changing his designation of the beneficiary. 4 Cooley's Briefs, p. 3764. But it is at least safe to say that the company could not capriciously reject insured's nominee for substitution. On the other hand, the rights of the named beneficiary could not be affected by anything done after the death of the insured—as between appellee and appellants in this case their rights could not be affected by the payment of the money into court. But the policy was not the contract, it was merely evidence of the contract between the parties, which, by mutual consent, might afterwards be changed without changing the paper, and as to which the parties were bound by the implications of their acts.

The insured made an effort to have his contract changed in favor of appellants, which the company, for its part, now says may be accepted by the court as made in perfect compliance with the requirements of the policy. The insured gave the company notice in writing that he desired to have the name of the beneficiary changed, and requested that such change be made. Thereupon, if not immediately and absolutely, after the lapse of a reasonable time, with no reason forthcoming why insured's nominee should not be substituted in the policy, insured was entitled to such substitution, and a court of equity, if the insured desired to have the policy changed for future security, would have made a decree accordingly. But the change in the instrument, though suggested by prudence, was not necessary to the rights which insured desired to secure for his nominees, appellants. Appellee contends that it was necessary to produce the policy as a condition to substitution, and that appellants have failed to show any sufficient excuse why it was not produced; that the allegation that it was in possession of appellee, and therefore it was not possible for him to present it to the company, was the statement of a mere conclusion, and, objection being taken to it on that ground, should be held for naught. That appellee had possession is sufficiently alleged and is not denied. In these circumstances there are authorities which hold on what seems to be good reason that it may be fairly inferred that appellee would not have surrendered the policy on demand of the insured. Supreme Tent v. Altmann, 134 Mo. App. 363, 114 S. W. 1107; O'Donnell v. Metropolitan Life Ins. Co., 11 Del. Ch. 4, 95 A. 289. The facts of this case—the facts alleged and not denied, and therefore accepted as facts—afford strong grounds from which to draw such inference. Appellee's additional suggestion that, in absence of a denial of any such facts in appellants' claim, the presumption must be indulged that appellee's possession was rightful, that, for example, it may have been assigned to her for value as part of a marriage settlement (assuming that insured was asking for a substitution in the nature of specific performance or reformation to meet new conditions), this suggestion is in our judgment correctly disposed of upon the consideration that prima facie the insured was entitled to the possession of the document evidencing his contract with the company, and the burden was on appellee to allege and prove facts establishing a conclusion to the contrary.

There are numerous cases, based on quite similar facts, which go to sustain our conclusion that insured was entitled to have the name of the beneficiary changed in the policy, and that now a court of equity would decree that appellants are entitled to the proceeds. Isgrigg v. Schooley, 125 Ind. 95, 25 N. E. 151; Nulty v. Nulty, 74 Ga. 669; Wilcox v. Equitable Co., 173 N. Y. 50, 65 N. E. 857, 93 Am. St. Rep. 579; Lahey v. Lahey; O'Donnell v. Metropolitan Life Ins. Co.; and Supreme Tent v. Altmann, supra. Other cases to the same general effect are cited on the brief for appellants, and numerous cases are cited by the court in Modern Brotherhood v. Matkovich, supra.

There are some cases to the contrary, but the burden of the argument for appellee is rested upon the decision in Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283. The judgment in that case seems to have been governed in large part by a statute of the state of New York, as some of the cases have pointed out. But, however that may be, by the weight of authority and what appears to us to be the better reason, we are led to the conclusion stated above.

The briefs present the further inquiry whether the court of law, on a statutory interpleader, will take into judgment the considerations which would lead a court of equity to award the fund in question to appellants. Appellee's position is in substance that the principles of equity pleading and practice are due to be observed until the proceeding has conferred jurisdiction upon the law court; that is, until it be ascertained "(1) that two or more persons have a claim against the plaintiff; (2) that they claim the same thing; (3) that the plaintiff has no beneficial interest in the thing claimed; and (4) that he cannot determine without hazard to himself to which of the defendants the thing of right belongs" (15 R. C. L. 229, § 12), after which the substantive rights of the parties remaining before the court are to be determined according to the strict rules of law, no regard being had for the principles of equity, that the law court will not recognize nor enforce equitable rights—this, as we understand the argument, because such was the plan of procedure and theory of decision on interpleader at the common law and because, as we suppose the argument contemplates, equity jurisdiction is not by the terms of the statute conferred upon the law court. The remedy at the common law was not allowed in any personal action except detinue, and then only when it was founded either in privity of contract or upon a finding. Story Eq. Jur. (14th Ed.) § 1114. "In at least one jurisdiction the statute"—meaning the modern statute of interpleader at law—"is held to be broad enough to determine equitable rights and interests." 15 R. C. L. 235, § 18, citing Brierly v. Equitable Aid Union, 170 Mass. 218, 48 N. E. 1090, 64 Am. St. Rep. 297. And further in the same text, page 237, § 19:

"A substitution effected under the statute changes an action, legal in its nature, into an equitable suit, and the principles which govern the remedy in equity then apply."

There are decisions to the contrary. As applied to cases like this they do not appeal to us; but, whatever may be thought of the broad statement of the text last quoted, our judgment is that in cases like that presented by this record, ownership of the money may be determined on equitable principles.

[9] It will be observed that under the statute (section 6050 of the Code of 1907), such rights only may be litigated as arise out of contracts for the payment of money. After the order for an interpleader is made, the money in controversy deposited in court, and the original defendant discharged, two parties (two at least) are before the court, neither of whom has any semblance of a right of action at law against the other. In Clark v. Mosher, supra, a like case, in which, as Judge Stone observed in Nelson v. Goree, 34 Ala. 565, the court was proceeding under a statute, of which ours is almost a literal copy, it was said: "No right of trial by jury ever existed in such a case"—this, it may be supposed, because the court was proceeding according to equity. Without attaching too much importance to the last-quoted authority, in our opinion the court in such case should dispose of the money in its keeping on equitable principles, not necessarily principles peculiar to the administration of equity, but such principles as are customarily recognized and enforced in both courts of law and equity in respect to the ownership of money or the right to money. In the case presented there appears no occasion for resort to those processes and remedies which are peculiar to the court of chancery, and it may well be conceded that the law court would not be authorized to employ them. Insured, for the future safety of his contract, might well have resorted to that court, but now that the present right to the money in the keeping of the court is to be determined once for all, a resort to some such peculiar equitable process, even if allowed, would be a wholly useless performance. We can see no sufficient reason why the court should not render its judgment according to equity; that is, by assuming that to have been done which on the facts before us ought to have been done during the lifetime of the insured, or by giving effect to those more general principles of equity which obtain in both courts alike. Thus general assumpsit is an equitable action and lies to recover any money which ex aequo et bono belongs to the plaintiff. Batson v. Alexander City Bank, 179 Ala. 499, 60 So. 313. The court holds the money in trust for the true owner as did the insurance company. "But where the execution of the trust creates a mere monied demand upon the trustee for a sum certain, or which may be reduced to a certainty by a reference to something else, there is no principle of law which would render necessary a resort to equity." Hitchcock v. Lukens, 8 Port. 339. On another phase of the controversy presented we may repeat what was said in Allen v. Mendelsohn, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063:

"No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise. Nor is any privity in fact between the parties necessary. Where one man has money which ex equo et bono belongs to another, if there be no contract modifying the general liability, the person entitled to the money may recover it in an action for money had and received, and this although he knows nothing of the party who has the right; the law itself creates the privity and the promise."

If the original defendant were in court opposing appellants' claim, there might be some technical difficulty; but as between appellee and substituted defendants there are no technical difficulties. The simple question is to whom in good conscience should the money be awarded. And so in garnishment, a statutory proceeding, but administered upon equitable principles. Allen v. Woodruff, 2 Ala. App. 419, 56 So. 247.

[10] Otherwise, it would have been the duty of the court on appellants' motion to transfer the cause to the equity side. Appellee while conceding this (subject, of course, to her contention that appellants showed no equitable right), now insists that the statute providing for the transfer of causes from one jurisdiction to the other allows no appeal in case the application for a change is denied, and therefore that such denial could not be considered for error on this appeal, if it were necessary to go that far with the case. This court considered the propriety of an order denying transfer in Briggs v. Prowell, 207 Ala. 629, 93 So. 590, thus by necessary implication at least denying appellee's contention at this point. We apprehend the rationale of the statute (Gen. Acts 1915, p. 830) to be that the judgment or decree denying a motion to transfer an interlocutory judgment or decree may be assigned for error on appeal from a final judgment of the court, in which the order is made under the provisions of the General Statute of Appeals, section 2837 of the Code of 1907. But the provision authorizing specifically an assignment of error on the judgment or decree transferring the cause was considered proper or perhaps necessary, because such judgment or decree is made on the other side of the court. Otherwise a resort to mandamus would be necessary. Nothing said in Crocker v. Goldstein, 209 Ala. 172, 95 So. 873, conflicts with this view of the statute.

The authorities are greatly confused, but on the whole this court is of the opinion that the facts shown by the record, as it now

stands, authorized and required a judgment in favor of appellants.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.