185 So. 361

**CARTER v. FIRST NAT. BANK OF OPP et al.**

**4 Div. 58.**

Supreme Court of Alabama.
Dec. 22, 1938.

E. O. Baldwin, of Andalusia, for appellant.

Simmons & Simmons, of Opp, for appellees.

**48**

FOSTER, Justice.

T. T. Gardner executed his will August 25, 1927, in which it is provided: "Paragraph 4. I have applied for $2,000 in insurance with my daughter as beneficiary, and it is my will that she receive the proceeds thereof in lieu of any other bequest by me."

This daughter is appellant here, and was then the testator's only child. The policy of insurance was dated August 3, 1927, and in it appellant was named as sole beneficiary. Another child was born to testator, but he made no change in his will, which in no way provided for such a contingency. The policy of insurance contained a clause as follows: "The insured may at any time change the beneficiary or beneficiaries, by filing with the company a written request, accompanied by this policy, such change to take effect when endorsed by the company."

The testator and insured made a request on September 25, 1931, that the beneficiary be changed so that it would be both appellant and his after born son, Lorenzo Gardner, who is appellee and represented by his guardian. The change as requested was endorsed on the policy as of the date of September 30, 1931. No further change of beneficiary was made, nor requested, and no change in the will was made, as we have said, and the testator and insured died April 2, 1937, and his said will was duly probated on April 26, 1937.

The controversy here is between appellant, claiming the whole amount of the insurance, and Lorenzo Gardner, represented by his guardian, claiming an equal share with appellant in the insurance. The suit originated with a bill of interpleader by the insurance company. The interpleader was decreed, and the suit progressed between appellant and appellee as claimants of the fund in court. The decree of the court was that appellee as a joint beneficiary with appellant was entitled to an equal share with her.

It is noted that the will bequeathing the policy to appellant was made at a time when she was the sole beneficiary in the policy and only child of testator. Subsequently, his wife died and he remarried, and had another child born, and then he had a change made in the policy so as to include him as a beneficiary jointly with appellant, but made no change in his will to accomplish the same result.

It is argued by appellant that the probation of the will is conclusive and controlling over the terms of the policy in determining the persons entitled to its benefits. It is quite true that the will as probated is conclusive that it is the will of the testator, not revoked, and has such effect as the law ascribes to it. 68 Corpus Juris 1233, note 63; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; Cone v. Barganier, 218 Ala. 292, 118 So. 342; Baker v. Chastang's Heirs, 18 Ala. 417; 19 Alabama Digest, Wills, ☞ 423, p. 513.

But it cannot be more effective by its operation than the law allows. It cannot operate upon property not subject to devise or bequest. It therefore cannot serve to designate death benefits under an insurance policy on the life of the testator, if he has so contracted that those benefits are not subject to bequest.

We are then confronted with the question of whether by designating appellant as sole beneficiary, and then by authority of the policy changing the beneficiary so as to include appellee as a co-beneficiary with appellant, the testator has so acted as to remove the death benefits from the field of operation of the will. That question is controlled by a principle applicable called ademption, which is stated as follows in 28 R.C.L. 345, section 341: "The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate, at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone. The rule is universal that in order to make a specific legacy effective the property bequeathed must be in existence and owned by the testator at the time of his death, and the nonexistence of property at the time of the death of a testator which has been specifically bequeathed by will is the familiar and almost typical form of ademption. This may result from a variety of causes, such as a gift during the lifetime of the testator, of the particular article which was the subject matter of the legacy, its consumption, loss, death, or sale, and in each of such instances the courts have held that the legacy is adeemed."

And, as follows, from 69 Corpus Juris 1006, section 2205: "The general rule is that the legacy is adeemed if the thing given is gone when the will takes effect,

and does not continue in existence, distinguished from the rest of the testator's estate, at the time of his death, either where it has ceased to exist or has been disposed of by the testator during his lifetime."

And on page 1007, section 2206, 69 Corpus Juris, it is said that "any disposition of the property in the testator's lifetime in order to work an ademption must be valid and enforceable." It is sometimes said to be in the nature of a revocation of that feature of the will. Moore v. Spier, 80 Ala. 129. But not affected by its probate.

It is also affected by sections 10588 and 10589, Code. See Phillips v. Phillips, 213 Ala. 27, 104 So. 234; Stubbs v. Houston, 33 Ala. 555; Willie v. Barrow, 218 Ala. 549, 119 So. 678.

It is clear, therefore, that the bequest of the insurance policy was not adempted unless some enforceable right was conferred by the testator.

■ Our cases hold that a beneficiary in a policy with a right to make a change in that respect when the policy has not been assigned to him, and he has no other contractual interest on sufficient consideration, has no vested enforceable interest in it until the insured shall die without making a change or an assignment to another. At the moment of his death such interest becomes enforceable. Taylor v. Southern Bank & Trust Co., 227 Ala. 565, 151 So. 357; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; Id., 215 Ala. 179, 110 So. 291, and other cases cited in them.

■ The naming of another beneficiary after execution of the will bequeathing the policy, and an assignment of the policy to him would certainly be an ademption, and would take precedence over the bequest. The naming of a new beneficiary after executing the will, without an assignment to him or to another, and without other change, should likewise be so held, because he has a right, the nature of which is enforceable at the death of insured. Given that status, and immediately on the death of the insured, the right and title of the beneficiary become vested and enforceable, and the property never then becomes a part of the estate of the decedent. No further act by the insured is necessary to prevent it from becoming a part of his estate, when there is no will.

When there is a will the legatee's rights as to specific property do not vest when without one\the property would not become part of decedent's estate. Stated differently, a decedent cannot by will pass the title of property to a legatee which would not pass by descent without a will. Section 10577, Code; 68 Corpus Juris 490, section 101.

The only authority which seems to be nearly in point is Watson v. Watson, 183 Ky. 516, 209 S.W. 524, 3 A.L.R. 1575, so far as we have found, and it is consistent with our views.

■ This reasoning leads to the conclusion that when a policy of insurance is payable to a named beneficiary, although there is reserved in the policy a right to change the beneficiary, and even though it is not assigned by the insured while he is yet living, it is placed in such status that it is not subject to descent nor bequest. 37 Corpus Juris 58, note 86.

■ It follows that appellee became co-owner with appellant in the death benefits under the policy, upon the death of insured, unaffected by the will which bequeathed it to appellant.

It is not necessary therefore to consider what effect section 10585, Code, relating to an after born pretermitted child would have on this situation, if applicable. The policy provision is controlling we think under the circumstances here shown.

The trial court ruled in accord with our views as here expressed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.