ADAMS, Justice.
This is an appeal from the Franklin County Circuit Court’s judgment in a statutory interpleader action brought by Franklin Federal Savings and Loan Association. That judgment placed ownership of a certificate of deposit in appellee Raymond Vernon. Appellant, Ruby Poss, asserts his claim of the certificate of deposit, claiming that Raymond Vernon acquired his claim by exercising undue influence over the original purchaser, Oscar O. Poss.
The pertinent facts of this case are accurately stated in appellant’s brief. They are as follows:
*10 On January 5, 1974, Oscar O. Poss, now deceased, purchased a certificate of deposit from the plaintiff in the amount of $17,254.66, being certificate Number 1916. On the certificate as issued, ownership was shown as: “O.O. Poss or (in the case of death, pay equally to Ada Mae James, Lucille Vernon and Weaver Poss). Ruby Poss, the appellant, is the widow of Weaver Poss. Mrs. Poss testified, without dispute, that she was present on January 5, 1974, and took 0.0. Poss to Franklin Federal to purchase the certificate of deposit. She testified that Mr. Poss was present when she signed the signature card, which showed her as a joint tenant with right of survivorship since her husband was deceased at this time. Her name was also placed on the ledger card as a joint tenant.
Thereafter, defendant Raymond Vernon obtained a document dated November 12, 1976, and presented it to Franklin Federal, asking them to change the ownership of the certificate of deposit. A secretary acted upon this request, by drawing a line through the four names originally on the savings certificate and adding the name Raymond Vernon, and returned the certificate to Mr. Vernon. She also drew lines through the names of the individuals shown on the account ledger card (including the name of appellant), and typed in the name Raymond Vernon. This was done on November 15, 1976. The original signature card was never changed and remained in the name of appellant, her two sisters-in-law and Mr. Poss as joint tenants with right of survivorship up until the time of the death of 0.0. Poss.
The defendant-appellee, Raymond Vernon, testified that he was a grandson of 0.0. Poss. His grandfather had been confined to a nursing home for approximately two months prior to his death, but had been sick for the last four or five years. He testified that he prepared the document of November 12, 1976, and that he was present when it was signed. His grandfather could neither read nor write, being only able to make a mark for his signature. After obtaining the document, he took it to Phenix Federal (the successor in interest to Franklin Federal), along with the savings certificate and attempted to have it transferred into his name. The changes were made as outlined above.
The appellant presents three issues for our review. They are:
1. Did the court err in striking appellant’s demand for a jury trial?
2. Did the court err in failing to find undue influence exercised by appellee Raymond Vernon in the attempted transfer of ownership in the savings certificate?
3. Was the attempted transfer of ownership in the savings certificate sufficient, considering the applicable rules and regulations covering such transfers?
Because our decision on issue one is dis-positive of this appeal, we pretermit discussion of issues two and three. The case must be remanded for a proceeding consistent with this opinion.
Ruby Poss and Raymond Vernon both direct us to the case of McDonald v. McDonald, 212 Ala. 137, 102 So. 38 (1924), a case where this court stated that no right to a trial by jury existed in a statutory interpleader action. In McDonald, there was no issue as to any material fact; therefore, a jury trial was not required, and the trial court resolved the issue as a matter of law.
Appellee Raymond Vernon cites language from McDonald to support his proposition that appellant has no right to a trial by jury in this case. Appellant attempts to distinguish the two cases by saying that in McDonald there was no dispute over any facts, while in the instant case, whether Raymond Vernon unduly influenced 0.0. Poss was a hotly contested issue. We agree with appellant that McDonald is of little precedential value here for the following reasons.
McDonald was decided prior to the adoption of the Alabama Rules of Civil Proce *11 dure. Alabama’s Rule 22 addresses inter-pleader, but does not discuss the right to a trial by jury in interpleader actions. The Alabama Rule is patterned after Rule 22, Federal Rules of Civil Procedure, and the federal courts have consistently construed the rule to include trial by a jury. In Jefferson Standard Insurance Company v. Craven, 365 F.Supp. 861 (M.D.Pa.1973), the court denied a motion to strike the jury trial demand. That case is very similar to the case at bar. In the Jefferson Standard case, an insurance company brought an action in interpleader against a mother and her two sons to determine who was entitled to the insurance proceeds from her husband’s life insurance policies. The mother demanded a jury trial, claiming that her sons had exerted undue influence over their father and thereby induced him to make them the beneficiaries of the policies. The sons filed a motion to strike the jury demand, which the court denied, recognizing that:
Most recently, a heightened appreciation of the function of the Federal Rules and of the significance of the constitutional right to jury trial has convinced more courts that a claimant should not be deprived of that right on such issues as would have been properly triable by jury had the claimant asserted his rights against the stakeholder in an ordinary civil proceeding .... In the light of legal history, it would be anomalous to hold that a necessary concomitant of such procedural reform — reform which has remedied the very causes for withdrawal of interpleader, historically, from the law courts — is a sacrifice of the right to a jury determination of issues which are fit for resolution by a jury ....
365 F.Supp. at 864, quoting 3A J. Moore, Moore’s Federal Practice § 22.14[4] at 3114-15. The court, speaking directly to cases where interpleader is used, went on to say:
Quite apart from history, statutory and Rule interpleader should be viewed primarily and simply as devices for the joinder of parties and claims which justice and judicial economy demand be tried together. This should work no sacrifice of a jury right available were the causes to be tried separately.
Cf. 5 Couch on Insurance 2d § 28:105; 18 Couch on Insurance 2d § 74:253; Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

Id.

The Court of Civil Appeals, in Poston v. Gaddis, follows the rationale set forth in Jefferson Standard, and states:
Under our new rules of practice and procedure it will not be unusual for the court to be trying equitable issues and legal issues in the same action. The court in most instances decides the first without the assistance of a jury. A jury, if requested must try the latter.
335 So.2d 165 (Ala.Civ.App.), cert. denied, 335 So.2d 169 (Ala.1979). This reasoning is also followed by this court in Finance, Inv. and Rediscount Co. v. Wells, 409 S.2d 1341 (Ala.1982). In his Federal Practice treatise, Professor Moore separates an in-terpleader proceeding into two stages: first, the determination of whether the stakeholder has met the prerequisites of the interpleader statute or rule, which the court decides, and second, the resolution of any disputed legal issues of the claimants, which the jury should decide. 3A J. Moore, Moore’s Federal Practice § 22.14[4] (3rd ed. 1984).
It is clear from the above cited cases and treatise that the appellant’s demand for a jury trial, to determine the presence of undue influence in the dealings of Raymond Vernon and the deceased, O.O. Poss, should have been granted. We, therefore, deem it necessary to remand the case to the trial court to allow a jury to resolve the undue influence issue.
For the above-stated reasons, the judgment is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.